BUCKLEY v. SAXE.

### Henry J. Buckley v. Peter Saxe.

Plaintiff and defendant made a wager upon the result of an election; depositing their negotiable notes for the amount, instead of money. When the result was determined, the stakeholder delivered the notes to the winner, the defendant—who sold the plaintiff's note, receiving $80 therefor. Plaintiff brought assumpsit for money had and received against defendant, and on the trial, produced his note as evidence that he had paid it. It was *held*, that the production of the note was not sufficient evidence of its payment by plaintiff to authorize him to maintain the action.

*Heard April 19th and 22d. Decided June 6th.*

Error to Wayne Circuit:

The action was assumpsit for money had and received, originally brought before a justice of the peace, and appealed to the Circuit Court. On the trial in that Court, the plaintiff called the defendant as a witness, who testified as follows:

"Sometime in the month of August, 1860, the plaintiff was in the warehouse of G. O. Williams & Co. in the city of Detroit. Plaintiff offered to bet me one hundred dollars that Stephen A. Douglas would be elected President of the United States at the next ensuing presidential election. I accepted the offer, and proposed to put up the sum of one hundred dollars in the hands of N. G. Williams on such bet. Plaintiff replied that our notes were as good as the gold, and instead of putting up the gold, we each put into the hands of N. G. Williams as the stakeholder our notes for the sum of one hundred dollars each; the note of each payable to the order of the other on the 1st of December then next ensuing. We considered the notes as good as money at the time. Soon after the election, and prior to December 1st, 1860, Williams delivered the notes to me, and I sent the note of plaintiff to a Mr. Skinner of Battle Creek, who sold the same for eighty, dollars, and remitted me seventy - eight dollars, which I received. I endorsed the note in blank, and without recourse, before sending it to Skinner. The

note now shown me by plaintiff's attorney is the note so sold as aforesaid, and for which I received the seventy-eight dollars." Which note was then read in evidence to the jury.

The plaintiff here rested his case; and the attorney for the defendant put upon the stand the counsel for the plaintiff, who testified that the note offered in evidence was received by him from the plaintiff.

This was all of the evidence given on the trial.

The defendant requested the Court to charge the jury;

*First:* That under the evidence, the plaintiff is not entitled to recover in this action:

*Second:* That if they find that plaintiff did not pay the money directly to defendant plaintiff can not recover.

*Third:* That a promissory note is not money within the statute against gaming, and that if the jury find from the evidence that the plaintiff bet his note with defendant, and afterwards paid the same to an indorsee of defendant, he can not recover back the money so paid in this action.

The Court refused so to charge, but did charge the jury substantially as follows:

That the notes were not money, but if the jury believe from the evidence that the notes were put up by the parties in the place of money on that bet, the plaintiff might recover the amount of money which the defendant had actually received for the note.

To which charge and the refusal to charge as requested the defendant excepted.

The jury rendered a verdict for plaintiff for $78.

*W. J. & J. J. Speed* and *D. C. Holbrook*, for plaintiff in error:

Plaintiff has misconceived his action. A promissory note is not *money :— Mart. & Yerg.* 129; 3 *Met.* 367. The statute only gives this action where *money* is lost; and as it gives a new right, and prescribes a particular remedy,

BUCKLEY *v.* SAXE.

that remedy must be pursued: — 1 *Mich.* 193; 9 *Mich.* 23; 13 *Barb.* 209; 3 *Comst.* 9; 8 *Gray*, 243; *Sedgw. on. Stat. and Const. L.* 402–5; 3 *Wend.* 494; 2 *Sanf. S. C.* 438. If the wager was one of goods, assumpsit can not be maintained: — 21 *Me.* 27. Nor can the action be maintained on the ground of Buckley having sold the note and received the money to the use of Saxe. The transaction being illegal in its inception, it can not be thus *confirmed*, and the money recovered: — 1 *Arch. N. P.* 3 *Am. Ed.* 153 *and n. 2.*

*Moore & Griffin*, for defendant in error:

Whenever a party has received money, directly or indirectly, that belongs to another, and for which he gave no consideration, it may be recovered in this action: — 1 *Chit. Pl.* 352; 21 *Pick.* 249; 3 *Barb.* 100; 8 *Mich.* 448. As between the parties, the notes in this case were void, but the statute makes them valid in the hands of an innocent indorsee. The defendant, therefore, had no interest in the note at the time of its delivery to him by the stakeholder. He could acquire none by indorsement, and the amount received must be held to have been received for the use of the plaintiff: — 15 *Conn.* 52; 3 *H. & McH.* 348; 2 *Denio*, 139.

But the notes should be treated as money in this case, and we were entitled to recover the whole $100: — 13 *East*, 19. If so, the Court will not reverse the judgment as it stands: It is not necessary there should have been an express agreement that the notes should be considered as money, if from the conduct of the parties it was implied: 8 *Mich.* 494; 6 *Cow.* 267, 465; 7 *Cow.* 662. And if they can not be treated as money, they may be held to be evidence of the amount of the money bet, and in that case, the moment the plaintiff paid his note, he was entitled to recover it of defendant.

MARTIN CH. J.:

The statute against gaming (*Comp. L.* § 1582) provides that if any person shall, by playing at cards, dice, or any other game, or by betting on the sides or hands of such as are gaming, or by any betting whatever, lose to any person so playing or betting, any sum of money, or any goods whatever, and shall pay and deliver the same, or any part thereof, to the winner, the person so paying or delivering the same may sue for and recover such money in an action for money had and received to the use of the plaintiff, and such goods in an action of replevin, or the value thereof in an action of trover, or in a special action on the case.

It is under this section that this action is brought; and the first question is, can it be maintained? I think not. No money was paid by Saxe to Buckley upon a gaming or any other consideration. At the time of the making of the bet, negotiable notes were deposited with Williams, to be delivered to the winner. This was Buckley, as it turned out; and the notes were given up to him, before their maturity; and he endorsed the note of Saxe in blank, but without recourse, and sold it to a person in Battle Creek for $80. There is no evidence when or to whom Saxe paid the note, if he ever did, or what amount he paid, if any; but it is certain that he never paid any money to Buckley upon it. How then can Buckley be said to have received money to the use of Saxe? The promissory note was not money within the statute; and the money he received was from his indorsee upon the sale of it to his own and not to Saxe's use. If he should be held to have received it for the latter's use, then a right of action would have arisen to Saxe for such money so soon as Buckley received it, and whether Saxe ever paid the note or not; and if it were not then received to his use, the payment of the note afterwards to the holder would not, by relation,

be a payment to Buckley so as to transfer the use to Saxe. Nor do I think he could recover in this form of action for the money paid to the holder of the note; as the holder could not be held to have acted as Buckley's agent in receiving it; nor would Buckley be bound by his receipt of it. This remedy exists only by force of the statute, and to entitle a party to it, he must be strictly within the statute.

But if Saxe were entitled to this remedy, he has not made a case authorizing a judgment in his favor. As already remarked, there is no evidence that he has paid the note, or, if he paid anything, what amount. It is claimed, however, that possession of the note is evidence of payment. In proper cases it is *prima facie* evidence of payment, I admit; but in an action to recover back money claimed to have been paid on the note, the burden is upon the plaintiff to show payment, and the amount, as facts: and the production of the note will not be evidence of either. The note from Saxe to Buckley was void as between them, and as to all persons except those who hold or claim under them in good faith and without notice of its illegality. Whether the holder of the note acquired it in good faith and without notice does not appear; and no presumption will be made either that he did or did not; although, if either were to be made, the fact that he bought it at a very large discount, and took it indorsed without recourse, would rather aid a presumption that he bought it with knowledge of its consideration. The possession of it by Saxe will be as consistent with the presumption that it was surrendered to him because void, as that it was given up upon payment. If he paid anything, the testimony was within his reach to show how much; and we will not presume anything in his favor when he neglects to produce such evidence.

The Court below erred in refusing to charge as severally requested, and the judgment must be reversed, and a new trial ordered.

MANNING and CAMPBELL JJ. concurred on the ground that there was no proof that Saxe ever paid any money on the note. On the other points they expressed no opinion.

CHRISTIANCY J. was absent when the case was decided.