### JACOB ABBERGER *vs.* JOSEPH J. MARRIN & another.

In an action ·on the Gen. Sts. *c.* 86, § 61, to recover money paid for intoxicating liquors, it appeared that the plaintiff gave an order for such liquors, in Massachusetts, to the defendant, whose place of business was in New York; that the defendant delivered the liquors on the cars in New York; and that the plaintiff paid the freight in Massachusetts; and it did not appear that the order was for specific liquors. *Held,* that these facts showed only an executory contract of sale made here, and completed in New York ; which was not a sale " in violation of law," within the meaning of the statute.

CONTRACT under the Gen. Sts. *c.* 86, § 61, referred under a rule of the superior court to an arbitrator, who awarded that the plaintiff should recover of the defendants a sum named, together with costs of court and of the reference; and to whose award was appended the following certificate, also signed by him :

" The only claim of the plaintiff in this case was, to recover money back, of the defendants, which he had paid them for intoxicating liquors. The defendants raised the following questions of law, which were to be submitted to the court, by agreement of the parties, for their consideration :

" 1. The undisputed evidence in the case was, that the orders for the liquors were given by the plaintiff to the defendants in Pittsfield, Massachusetts ; that the defendants' place of business was in Albany, New York ; that the defendants delivered the liquors on the cars at Albany, New York; and that the plaintiff paid the freight on the same at said Pittsfield. The defendants contend that the sale was made in Albany, and if so, that they have not violated the laws of Massachusetts.

" 2. The defendants contend that, where money has been paid on an illegal contract, the court will not aid the party who has paid it to recover it back, he being a partaker in the wrong or illegal act.

" 3. The defendants contend that the St. of 1868, *c.* 141, repealed § 61 of the Gen. Sts. *c.* 86, and so the plaintiff cannot recover on that section."

On this award the superior court ordered judgment for the defendants, and the plaintiff appealed.

*E. M. Wood,* for the plaintiff.

*W. H. Swift,* ( *S. W. Bowerman* with him,) for the defendants.

Colt, J. The referee awards in favor of the plaintiff, and states questions of law, which he says were by the agreement of the parties to be submitted to the court. The award is not made in the alternative, and it is not certain that the referee reported all the evidence before him, or would not have received additional evidence, if he had taken the view of the case contended for by the defendants. If his award was made solely upon the facts stated in his report, for the purpose of presenting the law questions, then we are of opinion that he erred, and that the judgment of the court below in favor of the defendants was right.

The facts do not show a sale completed in Massachusetts, so as to pass the property. As between vendor and vendee, title to specific personal property passes by the contract of sale. But where the sale is of goods generally, no property in them passes till delivery, because until then the very goods sold are not ascertained. The contract remains executory, so long as anything remains to be done to identify them. Here, there was no sale of specific goods, and there was no appropriation of particular property under the contract, until the defendants' return to Albany. One element was needed to make it a sale here. *Scudder* v. *Worster,* 11 Cush. 573.

The payments which the plaintiff seeks to recover back are for liquors sold in violation of law, under the Gen. Sts. *c.* 86, § 61. The phrase, " sold in violation of law," used in the statute, means, sold in this state in violation of law. The statute cannot have an extraterritorial effect, so as to make sales, valid by the law of the place where made, illegal. It does not attempt to forbid such sales, or to subject the parties to penalty or punishment. It provides that no action shall be maintained for the

price of liquor sold in any other state for the purpose of being brought here to be sold in violation of law, when the vendor has reasonable cause to believe that the purchaser entertains such illegal purpose. This is the most that it does, or can effectually do, in reference to such sales. The plaintiff therefore does not make out a case by proving an executory contract of sale made here and completed in another state. *Sortwell* v. *Hughes*, 1 Curtis C. C. 244.

As it is doubtful what was the intention of the referee in submitting these legal questions to the court in this form, it will be proper for the superior court, on motion, for good cause shown, to order a recommitment of the award. If not so recommitted,

*Judgment must be entered for the defendants.*