## Peter Dolan *vs.* William H. Green.

In an action on the Gen. Sts. c. 86, § 61, to recover money paid for intoxicating liquors, it appeared that the defendant, who resided in Rhode Island, agreed, in this Commonwealth, to sell such liquors at a certain price, to the plaintiff, who resided here; that from time to time he selected them from his stock in Rhode Island and delivered them there on board the cars; and that the plaintiff paid the freight, and also the price of the liquors, at the place of his residence. *Held,* that the sale was completed in Rhode Island, notwithstanding that the defendant agreed to allow the plaintiff the amount paid as freight in the settlement of their account; and that the plaintiff could not recover.

CONTRACT under the Gen. Sts. *c.* 86, § 61, to recover the price of intoxicating liquors sold to the plaintiff by the defendant, in violation of the laws of the Commonwealth.

At the trial in the Superior Court, before *Bacon*, J., the plaintiff, in his opening, stated that he should prove the following facts: " The defendant, who was a resident, and whose place of business was in Providence, in the State of Rhode Island, some time prior to 1864, at Millville, in this Commonwealth, where the plaintiff resided, agreed to sell the plaintiff certain intoxicating

liquors, consisting of rum, gin, and whiskey, for certain agreed prices; the defendant afterwards, from time to time, selected said liquors from the stock in his store at Providence, in pursuance of said agreement, and delivered the same on board the cars at Providence; the plaintiff paid the freight on the same at Millville; but the defendant agreed to allow the plaintiff the amount so paid as freight in the settlement of their account; and the plaintiff paid the sums sought to be recovered as the prices of said liquors, at Millville."

The judge ruled that on these facts the plaintiff could not recover, and directed the jury to return a verdict for the defendant. The verdict was returned, and the plaintiff alleged exceptions.

*S. A. Burgess*, for the plaintiff.

*T. G. Kent*, for the defendant.

COLT, J. The payments which the plaintiff seeks to recover back were for liquors sold in violation of law under the Gen. Sts. c. 86, § 61. The phrase "sold in violation of law," as used in the statute, means sold in this state in violation of law, and the only question here is whether there was any evidence offered which should have been submitted to the jury as tending to prove such sale.

The contract of sale, although partly made in this Commonwealth, was completed only by the selection of the articles agreed on from the defendant's stock of liquors in Rhode Island, and their delivery on board the cars to a common carrier in Providence. It was not a sale of specific goods, identified and appropriated by the terms of the contract, and delivered, either actually or constructively, at the place of the plaintiff's residence in this state; and therefore comes within the rule stated in *Abberger* v. *Marrin*, 102 Mass. 70. The effect of such a delivery to a common carrier would not be changed by the fact that the defendant agreed to allow the plaintiff the amount paid by him for freight in settlement of their account. That agreement had reference to the price which should be paid for the liquors sold, and does not determine, upon the facts here offered, the place of the delivery. The jury would not be warranted in finding upon this offer a completed sale here. *Exceptions overruled.*