## Austin B. Webber v. Robert Howe and another.

*Prohibitory liquor law: Order for liquors: Shipment from Ohio: Michigan contract.*   Where an order for liquors is taken in this state by the vendor in person, and the goods are afterward shipped from Ohio and delivered to the vendee here, the contract is a Michigan contract; and whether the contract of sale be executory, or actually completed by delivery, it is equally invalid under the Michigan liquor law (*Comp. L.,* § *2137*), which declared void not only all sales, but all contracts or agreements relating thereto.

WEBBER v. HOWE.

*Oral order for liquors: Void under statute of frauds: Ratification: Accept-ance.* The circumstance that the original order was an oral one and void under the statute of frauds, could not operate to make the trans-action an Ohio contract; for, if void originally, it would not become binding upon the purchaser until he did something in ratification of it, as by accepting the goods. His void order could not make any carrier to whom the vendor should see fit to deliver the goods his agent.

*Prohibitory liquor law: Repealing act: Previous unlawful sales.* The pro-hibitory liquor law having expressly declared contracts the consideration for which in whole or in part was the sale of liquors utterly null and void, and provided that all moneys and securities received on such sales should be treated as received without consideration, and that they might be recovered back, a sale made in violation of this statute while it was in force is not validated by a subsequent repeal of the statute, "saving all actions pending and all causes of action which have accrued." Such a repealing law, instead of indicating the purpose to validate prior unlawful sales, indicates the contrary purpose.

*Set-off: Moneys paid for liquors: Unlawful sales.* A defendant may recover by way of set-off for moneys previously paid by him to the plaintiff for liquors, and which moneys, according to the law then in force, were paid without consideration.

*Payment: Evidence: Orders.* And proof of the payment by the defendant of orders drawn by the plaintiffs upon him in favor of third persons for such liquors, would be sufficient proof of payment to the plaintiffs; such payment is in law a payment to the plaintiffs themselves.

*Heard January 11. Decided April 10.*

Error to Wayne Circuit.

This was an action brought by defendants in error upon an acceptance by plaintiff in error of a draft drawn on him by them. The defense was that the consideration was the unlawful sale of liquors; and a set-off was pleaded of moneys paid by defendant to plaintiffs on previous unlawful sales of liquors. The judg-ment below was in favor of the plaintiffs.

*John C. Howland* and *Maybury & Conely,* for plaintiff in error, argued that the acceptance sued upon was void by reason of its having been given in consideration of an unlawful sale of liquors; that this turned on the question whether the trans-action was a Michigan or an Ohio contract. The original order was taken and accepted in Michigan, and there is not a single circumstance disclosed which may be said to have hap-pened between the parties in the state of Ohio. Every thing between these contracting parties, from the opening to the conclusion, began and ended in Michigan. The consideration of the acceptance was therefore illegal under the statute: *Comp. L. 1871,* § *2137.* The circumstance that the original order was void under the statute of frauds because not in

writing could not avail the plaintiffs; it could in no manner aid them that the contract was void for two reasons, instead of one only. The argument that there was no contract between the parties, and plaintiffs were therefore under no obligation to send the liquors, but that having done so it amounted to a ratification in Ohio of the acts of the parties and constituted an Ohio contract, would apply equally well to this case without as with the statute of frauds, and the effect would be that it would make no difference whether foreign liquor dealers came into the state or stayed out of it, for they could recover alike in either event. This reasoning ignores the fact that if plaintiffs were not bound by the transaction, neither was defendant. If they were under no obligation to ship, he was under none to accept. Mere delivery is not enough. There must be acceptance. Defendant having the right to accept or reject, his acceptance in Michigan makes the agreement a Michigan contract.

The defendant's claim of set-off was based upon another feature of the same statute. The evidence showed that the money had been paid for liquors and that the sales thereof were unlawful, and it should have been submitted to the jury.

The plaintiffs contended that the evidence did not go far enough to prove payment. We submit that when plaintiffs made their drafts on defendant for the bill of liquors, and in their drafts directed him to pay to their own order and charge the payments to their account, and endorsed the drafts, and the drafts came to Detroit and were paid and taken up by defendant, and he produced all the vouchers, he was not bound to go further and show that the party who presented the drafts here and received the money on them sent it forward to plaintiffs, any more than if any agent of plaintiffs had presented the bill to defendant and he had paid it, he would be bound to show that the agent had paid over his collections to his principal. When a man draws on another through any of the various financial channels, whoever presents the draft for acceptance or payment is *quo ad hoc* the agent of the drawer, and payment to him is payment to the principal.

*Griffin & Dickinson,* for defendants in error.

We submit that the defense sought to be maintained by the defendant below, in this cause, is not open to him since the repeal of the statute.

The repealing act (*No. 228, S. L. 1875, p. 274*) saves "all actions pending, and all causes of action which have accrued at the time the act takes effect," which was May 3, 1875.

WEBBER v. HOWE.

Now, it is true that if defendant had paid for the liquors at the date of the invoice, September 14, 1874, he would have then had a right of action—cause of action—which would have been saved by the statute.

But it does not follow from this that he has any defense at this time under the statute. How can he invoke the statute in his defense, when there is no statute?

A good test of the matter is this: Suppose defendant had paid for the liquors subsequent to May 3, 1875, it seems quite clear to us that he could not recover back the money paid. It seems also clear to us that the right of defense only co-exists with the right of the recovery back of the money.

Again, the act to prevent the manufacture and sale of spirituous liquors as a beverage, is clearly in the nature of a penal statute, and no penalty provided by it can be enforced without a saving clause in the repealing statute.

They will not be enforced by this court: *Engle v. Shurts, I Mich., 150; Railroad Co. v. Austin, 21 Mich., 390,* and cases cited.

We think the court was right in the matter of set-off. It has not been shown that plaintiffs below had received any money on the drafts. The drafts would not be evidence of this.

But if the drafts would be evidence ordinarily, they certainly would not be in this case. The drafts were either valid or invalid. If they were valid, of course the set-off could not be allowed. If they were invalid, they are not evidence for defendant.

In other words, defendant cannot pay a draft which is conceded to be illegal and void, and of no force or validity in the hands of the drawer, and then present this illegal and void instrument as evidence of such payment.

Under such circumstances the law does not presume payment of any money to the use of the plaintiffs below, for the reason that the plaintiffs below could not recover any money upon it. This case is within *Buckley v. Saxe, 10 Mich., 328.*

We submit also that the charge of the court was correct, viz.:

"If you find that the order, although taken in Michigan, was filled in Ohio, and the liquors were shipped in Ohio, and the defendant received them in Detroit and paid the freight, then the plaintiffs are entitled to recover."

The order in this case was given in Michigan, but was acted upon in Ohio, and the contract was consummated there, and became valid there: *Wilson v. Stratton, 47 Me., 120.*

36 MICH.—20.

If this position is correct, it applies to the case of set-off, and as the jury found against the defendant below, the ruling in regard to set-off, if erroneous, did not affect the defendant below injuriously.

COOLEY, CH. J:

The circuit judge charged the jury that if the order for the liquors, though taken in Michigan, was filled in Ohio, and the liquors were shipped in Ohio, and the defendant received them in Detroit and paid the freight, then the plaintiff would be entitled to recover. This instruction must assume that the contract was an Ohio contract, being completed by the acceptance and filling of the order in that state. Had the order been sent from this state to dealers in Ohio and filled there, or had an agent of the Ohio parties who had no authority to agree upon sales taken the order in this state and transmitted it to his principals, who accepted and filled it, we think the instruction might have been sustained.—*McIntyre v. Parks, 3 Met., 207; Orcutt v. Nelson, 1 Gray, 536; Garland v. Lane, 46 N. H., 245; Kling v. Fries, 33 Mich., 275.* But the order was taken here by one of the plaintiffs in person, and the acceptance, as well as the giving of it, took place in this state. There are some cases which have decided that even under such circumstances the sale is not completed until the property is actually separated from the stock in the store and delivered to the carrier in pursuance of the order. —*Sortwell v. Hughes, 1 Curt. C. C., 244; Abberger v. Marrin, 102 Mass., 70; Dolan v. Green, 110 Mass., 322.* But these cases are not important here, since whether the contract of sale was executory or actually completed by delivery, it was equally invalid under our statute. The statute not only avoided all sales, but "all contracts or agreements relating thereto."—*Comp. L., § 2137.*

It was suggested on the argument that, as the agreement was for the purchase of goods to the amount of more than fifty dollars, it was void under the statute of frauds for

want of writing, and consequently did not take effect as an agreement until acted upon by the delivery of the goods to a carrier in Ohio. But if we assume the original invalidity of the agreement in this state on this ground, it cannot, we think, help the vendors. If void originally it would not. become binding upon the purchaser until he should do something in ratification of it, and it does not appear that anything further was done by him until the liquors were received in this state. His void order could not make any carrier to whom the vendors should see fit to deliver the goods his agent. The case must therefore stand either upon the original order or upon the reception of the goods at Detroit under it; and in either case the contract must. be regarded as a Michigan contract.—*Hanson v. Armitage, 5. B. & Ald., 557; Acebal v. Levy, 10 Bing., 376; Morton v. Tibbett, 15 Ad. & El., 428; Bushell v. Wheeler, 15 Q. B., 442; Norman v. Phillips, 14 M. & W., 277; Farina v. Home, 16 M. & W., 119; Outwater v. Dodge, 6 Wend., 400; Lloyd v. Wright, 25 Ga., 215; Spencer v. Hale, 30 Vt., 314; O'Niell v. N. Y. C. & H. R. R. Co., 68 N. Y., 138; Shepherd v. Pressey, 32 N. H., 49; Hart v. Bush, El., Bl. & El., 492; Curry v. Anderson, 2 El. & El., 592.* Had this suit, therefore, been brought. while the statute which forbade such contracts remained in force, there could be no question but the plaintiffs must fail.

That statute, however, has been repealed, and the plaintiffs rely upon the repeal as taking away all impediment to a recovery. It was, it is said, in the nature of a penal statute, and when it was repealed, all penal consequences, including the inhibition to maintain suits for liquors sold, fell with it.—*Engle v. Shurts, 1 Mich., 150; Welch v. Wadsworth, 30 Conn., 149; Confiscation Cases, 7 Wall., 454.*

The prohibitory liquor law expressly made all contracts. the consideration for which in whole or in part was the sale of liquors utterly null and void, except in certain specified cases, of which this was not one. It also declared

:all moneys and securities received on such sales to be re-ceived without consideration, and authorized them to be recovered back.—*Comp. L. 1871, ch. 69.* While this was in force, the sale in question was made. The law was repealed in 1875, "saving all actions pending and all causes of action which have accrued" at the time the repealing :act took effect.—*Public Laws 1875, p. 279, 280.*

It has often been decided that a contract invalid at the time it was made for want of compliance with some statu-tory provision, or because of some statutory prohibition, might be validated by legislation afterwards.—*Lewis v. Mc-Elvain, 16 Ohio, 347; Savings Bank v. Allen, 28 Conn., 97; Andrews v. Russell, 7 Blackf., 474; Parmelee v. Law-rence, 48 Ill., 331; Dulany's Lessee v. Tilghman, 6 G. & J., 461; Journeay v. Gibson, 56 Penn. St., 57; Car-penter v. Pennsylvania, 17 How., 456; Dentzel v. Waldie, 30 Cal., 138; Estate of Sticknoth, 7 Nev., 227; Gibson v. Hibbard, 13 Mich., 215.* But this case is not like those referred to. Here the statute has not undertaken to vali-date the void agreement, but has left it as it was, "utterly null and void." A suit cannot be brought upon it, because no contract ever existed. The repealing law, instead of indicating a purpose to validate such agreements, indicates the contrary purpose.

It only remains to consider a claim made by defendant to recover by way of set-off for moneys previously paid by him for liquors, and which, according to the law then in force, were paid without consideration. We have no doubt of his right to set off these moneys if he proved the pay-ment. This he claims to have shown by proving the pay-ment by him of orders drawn by the plaintiffs in favor of third persons. We cannot see why this proof is not com-plete. Plaintiffs relied upon *Buckley v. Saxe, 10 Mich., 328,* but that case was quite different. There to prove that he had paid money on a bet, the plaintiff produced a note he had given for the sum bet; and this alone, it was held, did not prove the payment of money on the bet.

Here the payment is proved, and as it was made on the drafts drawn by the plaintiffs on the defendant, it was in law a payment to the plaintiffs themselves.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.