STATE OF TEXAS V. TEXAS BREWING COMPANY.

No. 2527.  Decided June 25, 1913.

1.—Statutory Construction.
   A penal statute is construed strictly against the claims of the State. (P. 125.)

2.—Legislative Power—Taxation—Unlawful Business.
   The State can not levy an occupation tax on a business that, being pursued, would be a violation of the law and Constitution. Its license would not protect the licensee against prosecution. (Pp. 125, 126.)

3.—Same—Intoxicating Liquors—Local Option Law—Sales in Prohibition Territory—Occupation Tax.
   The right to prohibit sales of intoxicating liquors in localities adopting such restriction by popular vote is secured by the Constitution, art. 16, sec. 20. The Legislature can not license the sales nor tax the occupation of making sales in territory in which prohibition has been adopted under the Local Option Law. The Act of February 24, 1909, Laws, 31st Leg., p. 53, imposing an occupation tax on soliciting orders for liquors in local option districts is to be construed in harmony with this limitation of the legislative power. It can not be understood as defining the soliciting of shipments in such territory and filling orders thereon as a pursuing of the prohibited business there, and at the same time license and tax it as such. (Pp. 126, 127.)

4.—Same—Shipment on Mail Order—Place of Business.
   A dealer in intoxicants soliciting, through circulars by mail, orders for his merchandise from residents of another county where prohibition of such sales is in force by adoption of the Local Option Law, is not pursuing the business of selling such liquors or offering them for sale in such prohibited territory. The sale and delivery is completed, by his shipping to the purchaser ordering, in the county where he does business, and is not a pursuing such business in the territory to which such shipment goes, nor taxable as such under the Act of February 24, 1909, Laws, 31st Leg., p. 53; Rev. Stats., 1911, art. 7479. (Mr. Justice Hawkins dissenting.) (Pp. 123, 127.)

Questions certified from the Court of Civil Appeals, Second District, in an appeal from Clay County.

*P. M. Stine,* County Attorney, and *Leslie Humphrey,* for appellants.— On construction of penal statutes: Thompson v. Railway Co., 126 S. W., 257; Delamater v. State, 104 N. W., 537; Tiedman on Sales, sec. 1. Validity of Act: Edmonson v. State, 142 S. W., 887.

*R. E. Taylor, Capps, Cantey, Hanger & Short,* and *David B. Trammell,* for appellee.—The Constitution of the State of Texas "fully and unconditionally authorizes the prohibition of sales in that territory in which the voters, in accordance with the law submitting the question to

them, have determined that such sales shall be prohibited and leaves the Legislature unhampered as to the means and methods by which the prohibition may be made effectual." But such power extends only to the prohibition of a "sale" in proscribed territory, and the power to either directly or indirectly prohibit a sale in lawful territory, or the solicitation anywhere of such a sale, is necessarily withdrawn from the Legislature by the State Constitution. It appearing from the statement made by the Honorable Court of Civil Appeals that the solicitation in the instant case, if any, was of a sale to be made at Fort Worth, where such sales were not prohibited, Texas Brewing Company was not pursuing any occupation interdicted by law, and the question propounded by the Honorable Court of Civil Appeals should be so answered. Sec. 20, art. 16, Constitution of Texas; Ex parte Massey, 49 Texas Crim., 60, and authorities cited; Dupree v. State, 102 Texas, 455; Ex parte Dupree, 101 Texas, 150.

The Act of 1909, under which this suit was brought, purports to levy a tax upon all persons, firms, etc., "that pursue the business of selling or offering for sale any intoxicating liquor by soliciting or taking orders therefor" in a local option precinct. The words, "soliciting or taking orders therefor," are controlled by, and qualify, the antecedent phrase, "selling or offering for sale," and describe the particular method or business of selling or offering intoxicating liquors for sale that is taxed. "Where words or expressions have acquired a definite meaning in law, they must be so expounded"; and since liquor is "sold" where an order therefor is accepted and the goods shipped, and the "offer" of a sale is likewise made where liquor is kept for sale and a sale thereof may be effected, it must be held that the Legislature meant to tax the business of soliciting or taking orders in a local option precinct for liquor to be sold there, and did not intend to tax the solicitation in a local option precinct of a sale of liquor to be consummated in a precinct where the sale thereof was lawful. (a) The Act: Gen. Laws, 1909, p. 53. (b) The sale is made where the order is filled: Keller v. State, 87 S. W., 669, and many authorities cited therein; Parker v. State, 48 Texas Crim., 69; Luster v. State, 86 S. W., 326; Sedgwick v. State, 47 Texas Crim., 627; Sims v. State, 86 S. W., 1019; Newbury v. State, 44 S. W., 843; Beard v. State, 55 Texas Crim., 154, 131 Am. St., 806; Weathered v. State, 60 S. W., 876. (c) The word "sale" has a definite and fixed meaning in law, and the Legislature is without authority to change or alter its elements or meaning: Keller v. State, 87 S. W., 669; Craft v. State, 147 S. W., 1163. (d) The "offer" is also made where the liquor is kept for sale and not where the solicitation is made: United States v. Chevallier, 107 Fed., 434, 436-437; United States v. Orene Parker Co., 121 Fed., 596. (e) Where words or expressions have acquired a definite meaning in law, they must be so expounded. Engelking v. Von Wamel, 26 Texas, 469, 472. (f) The Act in question is penal and prohibitory: Ex parte Flake, 149 S. W., 146, 147. (g) And is a license, and not an occupation tax: Ex parte Denny, 129 S. W., 1115. (h) Acts imposing license taxes should be strictly construed as

against the government and liberally in favor of the citizen: Brown v. Commonwealth, 36 S. E. (Va.), 485, 487; Board of Supervisors v. Tallant, 32 S. E., 479, 480; Combined Saw & Planer Co. v. Flournoy, 14 S. E. (Va.), 976, 977; Egan v. State, 68 S. W., 273; Washington Elec. Vehicle Transp. Co. v. Dist. of Columbia, 19 App. D. C., 462; Lockwood v. Dist. of Columbia, 24 App. D. C., 569. (i) A license tax may be imposed upon a prohibited occupation: Foster v. Speed, 120 Tenn., 470; Carpenter v. State, 113 S. W., 1042; Youngblood v. Sexton, 32 Mich., 406, 20 Am. Rep., 654; Cooley on Taxation (3rd ed.), 14, 242.

Chapter 20 of the General Laws of 1909, under which this suit was brought, does not prohibit or tax the mailing of circulars at a place where the sale of intoxicating liquor is lawful soliciting the sale of intoxicating liquor at such place, addressed to residents of a county where the sale of intoxicating liquor is prohibited; and the mailing of such circulars does not constitute "pursuing the business of selling or offering for sale any intoxicating liquors by soliciting or taking orders therefor" in a prohibition precinct, within the purview of the Act in question. Hazeltine v. Mississippi V. F. Ins. Co., 55 Fed., 743, 747; Wm. Grace Co. v. Henry Martin Brick Machinery Mfg. Co., 174 Fed., 131; Boardman v. S. S. McClure Co., 123 Fed., 614; Frawley, Bundy & Wilcox v. Pennsylvania Casualty Co., 124 Fed., 259.

It must be held that the Legislature, in the Act under consideration, used the expressions, "occupation," and "pursuing the business," etc., with reference to the well known construction theretofore placed on them by the courts of this State; and, so considering, it must further be held that the Legislature intended to impose a license tax upon the occupation of "selling or offering for sale any intoxicating liquors by soliciting or taking orders therefor in any quantities whatever" in any local option county, etc., considered as a vocation, profession, trade or calling in which a person engages as a means of earning a livelihood, or for hire or profit, and not to impose such tax upon such incidental acts of solicitation as shown by the evidence in this case, which do not and can not constitute an "occupation" or "business," as heretofore defined by our courts, but are necessarily but incidental to and adjuncts of another business, viz: that of pursuing the occupation of a brewery and wholesale distributer of beer at Fort Worth, where such occupation was lawful. The question propounded by the Honorable Court of Civil Appeals should, therefore, be answered in the negative. Cohen v. State, 53 Texas Crim., 422, and the many authorities cited therein.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Honorable Court of Civil Appeals of the Second District certifies to this court the following statement and question:

"This suit was instituted in the name of the State of Texas and of Clay County by the county attorney of Clay County against the Texas Brewing Company, which was alleged to be incorporated under the laws of the State of Texas with its principal office and place of business in

Fort Worth, Tarrant County, Texas, to recover eight thousand dollars for the State and four thousand dollars for Clay County alleged to be due by the defendant as taxes for 'pursuing the business of selling and offering for sale intoxicating liquors by soliciting and taking orders therefor in said Clay County, Texas,' for the years 1911 and 1912. It was further alleged that by election duly held the sale of intoxicating liquors in Clay County had been prohibited; all the facts necessary to show the adoption of local option in that county being duly set out and alleged in the petition, with the additional allegation that local option was in full force and effect in that county during the years 1911 and 1912. It was further alleged that the Commissioners Court of Clay County had duly levied a tax of two thousand dollars a year for the years 1911 and 1912 upon 'all firms, persons, associations of persons, and corporations that pursue the business of selling or offering for sale any intoxicating liquors by soliciting orders therefor in said Clay County, Texas,' the taxes claimed being those provided by chapter 20, at page 53, Acts of the Legislature of 1909, article 7479, Revised Statutes, 1911. In addition to special pleas the defendant filed general demurrer and general denial to plaintiff's petition.

"A jury was waived and the trial judge filed findings of fact and conclusions of law upon which the judgment was predicated. The following are the findings of fact by the trial judge:

" 'That the local prohibition law was in force in Clay County during the years 1911 and 1912, and that the Commissioners Court of Clay County duly levied a tax of $2000 upon the occupation sued on. That during said years the Texas Brewing Company at Fort Worth, Texas, during the year 1912 mailed circulars to various citizens in Clay County, giving prices and soliciting orders for *household* lager beer and other products of the Texas Brewery located at Fort Worth, Tarrant County, Texas. That as a result of such solicitations and such advertising, several orders for beer were sent to the company and such orders were filled at Fort Worth and the beer shipped to the parties ordering the same in Clay County.'

"After referring to the Acts of the Legislature of 1909, page 53 in the conclusions of law filed, the following occurs:

" 'The controlling question, therefore, is: Did the Legislature in passing the Act in question intend to tax persons soliciting business by mail—persons who have their domicile in other counties and transact their principal business in the county of their domicile? If the Act was so intended and if its language sufficiently expressed such intention, then the acts of the defendant would bring it within the purview of the statute and it would be liable.

" 'In the opinion of this court, the Act was leveled at the peripatetic liquor drummer who operates in a local option county and personally takes orders or solicits orders for liquor. I do not think that the Legislature contemplated or intended to tax those who having their domicile or place of business outside of the county, send out circular letters or advertising literature to the people of a local option county inviting

the people to patronize them.   If such had been the Legislature's intent, it would have been easy to have expressed it in simple words so as to make such intention clear.   But this the Legislature failed to do, and this court can not add to the expressed will of the Legislature, however much he may be inclined to deplore the practice of receiving orders from and shipping liquors into a county that has adopted the local option laws.   Therefore, it is the opinion of the court that defendant is not liable for the taxes sued for, and consequently the judgments of the court will be for the defendant.'

"There was no evidence in the record to show that the defendant brewing company ever had a personal representative in Clay County, and the evidence without controversy shows, as found by the trial judge, the correctness of which finding is not challenged, that the only solicitation of orders for beer made by the defendant in Clay County was by circular letters mailed to various citizens of Clay County giving prices and soliciting orders for such beer.   The conclusions reached by the trial judge upon the facts so found are assigned as error by appellant.

"We have deemed it advisable to certify to your honors for determination the following question:

"Did the acts of appellee in mailing the circular letters in Fort Worth to citizens of Clay County soliciting orders for beer, without sending a personal representative into the county, constitute pursuing the business or occupation in Clay County 'of selling or offering for sale intoxicating liquors by soliciting or taking orders therefor' within the purview of the Act of the Legislature above mentioned?

"In other words, if the foregoing question be deemed too restrictive, under the facts so alleged and found, was the appellee, the Texas Brewing Company, liable for the payment of the taxes sought to be recovered?"

We answer:   Neither the State nor the county shows a right to recover against the brewing company.

The statute under consideration is highly penal in character and must be strictly construed against the claim of the State.   Houston E. & W. T. Ry. Co. v. Campbell, 91 Texas, 551, 45 S. W., 2, 43 L. R. A., 225; Texas & P. Ry. Co. v. Hughes, 99 Texas, 533, 91 S. W., 567.

The 20th section of Article 16 of the Constitution provides:   "The Legislature shall at its first session enact a law whereby the qualified voters of any county, justice precinct, town, city (or such subdivision of a county as may be designated by the Commissioners Court of said county), may by a majority vote, determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits."

All powers of government reside in the people, and the officials of the different departments exercise delegated authority; however, the Legislature can exercise all legislative power not prohibited by the Constitution.   But the section of the Constitution quoted provides a method— a referendum—by which the voters of a given territory may exercise the sovereign power of legislating upon this subject, which places the law

adopted by them above legislative authority, as if it had been embraced in the Constitution, and we must so consider the local option law adopted by the voters of Clay County, for that, like the Constitution, is the exercise of primary sovereignty, therefore what is prohibited by the local option law to be done in Clay County, as to sale of intoxicating liquors, can not be authorized by the Legislature to be done there.

In order to determine the effect of the law which we have under examination we will assume that the brewing company procured a license from the State and county. Under such license it could by solicitation, or taking orders, sell and deliver intoxicating liquors in Clay County, because a sale implies a delivery of possession of personal property. Authority to pursue the business of selling intoxicating liquors in a county includes authority to deliver the liquor in that county, because the business could not be pursued if no sales were made, and no sale could be without delivery, actual or constructive. The words, "by soliciting or taking orders," do not limit the effect of the sale to pass title nor do they exclude the delivery of the thing sold at the place where the business is pursued. These words are descriptive of the method of selling. The local option law and the Constitution prohibited the sale of intoxicating liquors in Clay County, and the Legislature could not authorize the pursuit, by any method, of the business of selling such liquor there. The State can not levy an occupation tax on a business that, being pursued, would be a violation of the law and Constitution. Such license would not protect the licensee against prosecution for sales made under it.

It logically and necessarily follows that if the "business to be licensed" included the sale of intoxicating liquors in Clay County, the levy of the tax was void. The third section of the Act provides:

"Each person and each firm and each corporation and each association of persons desiring to engage in the business mentioned in sections 1 and 2 of this Act in said local option territory before engaging in same shall file with the county clerk of the county in which the business is to be pursued, an application in writing for a license to engage therein and shall state the county or portion of the county in which the business is to be pursued, and if within the corporate limits of any incorporated city or town, that fact shall be so stated," etc.

It is beyond all question that the license must have been issued by the clerk of the county in which the business was to be pursued, and the business of selling intoxicating liquors in Clay County, by any method, being unlawful, it was not the subject of taxation by the State or county.

If, however, it were held that the business of selling intoxicating liquors in Clay County might be pursued by mailing circulars in Tarrant County to residents in Clay County, inviting them to buy beer in Fort Worth, that would not sustain a recovery, because a sale made in Tarrant County would pass title there and no sale would be made in Clay County, therefore the business of selling would be pursued in Tarrant County. Dolan v. Green, 110 Mass., 322; Sarbecker v. State,

65 Wis., 171, 26 N. W., 541, 56 Am. Rep., 624; Garbracht v. Commonwealth, 96 Pa., 419, 42 Am. Rep., 550; Abberger v. Marrin, 102 Mass., 70; Woolsey v. Bailey, 27 N. H., 217; U. S. v. Orene Parker Co. (D. C.), 121 Fed., 596.

Assuming that the letters mailed to persons in Clay County constituted a solicitation there, the delivery of it in Tarrant County constituted the place of sale, being the place where the liquor was received by the purchaser. Hence there was no business of selling intoxicating liquors pursued in Clay County by such soliciting. Surely a circular inviting patronage could not be more effective than the solicitation and contract of sale by an individual representative taking orders to be filled in territory where the sale was legal. The authorities are unanimous that such transactions are governed by the law at the place of delivery to the buyer. There is no evidence that the brewing company undertook to deliver beer in Clay County.

There can be no reasonable doubt that the language of the statute designates as taxable a *business pursued* in Clay County, the language is definite, but it is rendered more certain by the association of the business of cold storage which must necessarily be in the county.

If we concede that the language in section 1 may be construed to mean that a sale may be made in Clay County by means of soliciting or taking orders to be filled in another county, then the facts certified do not establish liability, because if the beer was delivered in Tarrant County, it was not a sale in Clay County where forbidden, but in Tarrant County where it was lawful. The sending out of circulars into prohibition territory is not forbidden nor taxed.

In the prohibition States the sale of intoxicating liquor within the State was unlawful and the question of law that we have under examination has been passed upon in many cases by courts of different States and it has been uniformly held that the title to the liquor vested at the place where delivery was made to the buyer in person or to carrier for delivery unless the seller contracted to deliver at the home of the buyer. Where an agent of the dealer whose business was in New York solicited and took orders for liquors to be shipped to Michigan or other prohibition State, it has been held that the title passed to the buyer in the place of delivery to the carrier and said sale has been uniformly held to be valid. The case of United States v. Orene Parker Co., cited above, is a fair illustration of the rule. The case is very similar in facts to this case. We have cited a small per cent of the cases which have dealt with this subject, but those cited are conclusive of the main question in the case as certified.

There is no limitation upon a sale to be made under the license to a purpose which would be lawful under the local option law, but it would permit and authorize such sale generally. Attention has been called to Snearly v. State, 40 Texas Crim., 507, 52 S. W., 547, and to the same case reported in 53 S. W., 696. Those cases are wholly irrelevant to the question in this case.

MR. JUSTICE HAWKINS dissents.