ERNEST WHITE v. THE STATE.

· No. 5268. Decided February 5, 1919.

**1.—Local Option—Bill of Exceptions—Statement of Facts.**

Where the bills of exception were not filed in time in the lower court, and the statement of facts was not approved by the trial judge, the same must be stricken from the record on motion of the State. Following Taylor v. State, 73 Texas Crim. Rep., 192.

**2.—Same—Election—Evidence—Practice on Appeal.**

In the absence of a statement of facts and bill of exceptions the motion to quash the indictment, on the ground that no prohibition election was held in the county of the prosecution, can not be considered on appeal.

**3.—Same—Ten-mile Zone Law—Indictment—Local Option—Repeal.**

A motion to quash the indictment on the ground that the territory in which the sale of intoxicating liquor is alleged to have been made is within the ten-mile zone law on account of a military camp, thereby repealing the local option law, can not be sustained, as said zone law is simply a regulation designating the locality in which the sale of intoxicating liquors can not be made, and precludes its operation in localities in which the sale is prohibited; besides, the local option prohibition law when once adopted can only be repealed by the people at an election.

**4.—Same—Indictment—Statewide Prohibition.**

The contention to quash the indictment because the local option law was repealed by the statewide prohibition law is without merit, as the latter has been held invalid. Following Ex parte Myer, 207 S. W. Rep., 100.

Appeal from the District Court of Montague. Tried below before the Hon. John Speer.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Ernest White,* in person, for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—Cited cases in the opinion.

MORROW, Judge.—The conviction is for the sale of intoxicating liquors in a district in which the sale of such liquor is prohibited under the local option law.

The court adjourned on the 20th day of July, 1918. Appellant has several bills of exception which were filed on the 19th day of October. There were two orders extending the time within which to file bills of exception and statement of facts, one granting thirty days after adjournment, and another sixty days additional. The Assistant Attorney General has called attention to the fact that more than ninety days elapsed between the expiration of the term of court and the time that the bills were filed, and insists that, under the statute, article 844b, C. C. P., the court is not authorized to consider them, and under the construction of that article by the decisions of this court his contention must be sustained. Roberts v. State, 62 Texas Crim. Rep., 7; Griffin v. State, 59 Texas Crim. Rep., 424. The same ruling, upon the same ground, must be made with reference to the statement of facts, to the consideration of which the Assistant Attorney General addresses additional objection that its consideration is precluded under the statute by reason of the fact it was not approved by the trial judge. The record sustains this point. Taylor v. State, 73 Texas Crim. Rep., 192; Vernon's Texas C. C. P., p. 819, note 22, and cases referred to.

In the absence of statement·of facts and bills of exception presenting the evidence, we are unable to sustain the motion to quash, based upon the ground that no election prohibiting the sale of intoxicating liquors had been held in Montague County.

The motion to quash the indictment upon the ground that the town of Bowie, in Montague County, is within ten miles of a certain ranch used by the United States aviators as a landing ground, can not be sustained. Appellant contends that by chapter 12 of the Acts of the Fourth Called Session of the Legislature, known as the ten mile zone law, the local option prohibition law in the territory mentioned was repealed. This can not be sustained for the reason, first, that we have before us no facts showing that the point at which the offense is charged to have taken place was within ten miles of a military post as described in the Act mentioned, and, second, because the Act of the Legislature did not have the effect of repealing or suspending the prohibition of the sale of intoxicating liquors in localities in which prohibition was put in force by a vote of the people. The Act of the Legislature mentioned was sustained as a valid law, as relating to the facts presented in the case of Ex parte Hollingsworth, 83 Texas Crim. Rep., 400. The basis of that decision ·is that the ten mile zone law constituted a regulation designating the locality in which the sale of intoxicating liquors could not be sold. The fact that it is a regulation of the sale of intoxicating liquors precludes its operation in localities in which the sale is prohibited. Prohibition of the sale of intoxicating liquors interdicts the sale altogether except for certain specified purposes mentioned in the local option law. The regulation of the sale of such liquors constitutes a requirement that those engaging in their sale must conform to prescribed rules. From Ex parte Hollingsworth, supra, we take the following quotation: "The effect of section 1 of the Act of the Thirty-fifth Legislature in question is to withdraw a part of the territory of Tarrant County from the operation of the laws permitting the sale of such liquors, and to prohibit the sale of such liquors in the territory thus withdrawn."

Moreover, it has frequently been held that after the local option prohibition law has been adopted in a given locality by a vote of the people, its abrogation in that locality is not within the power of the Legislature, but its repeal rests with the people by their vote expressed at an election. Ex parte Pollard, 51 Texas Crim. Rep., 488; Ex parte Elliott, 44 Texas Crim. Rep., 575; Lewis v. State, 58 Texas Crim. Rep., 351; Ex parte Brown, 38 Texas Crim. Rep., 295; State v. Texas Brewing Co., 106 Texas, 121, 157 S. W. Rep., 1166; Dawson v. State, 25 Texas Crim. App., 670. In the case of Ex parte Hollingsworth, supra, the controlling principle was that laid down in Cohen v. Rice, 101 S. W. Rep., 1052; Ex parte King, 52 Texas Crim. Rep., 383; Ex parte Abrams, 56 Texas Crim. Rep., 465, and Andrews v. City of Beaumont, 51 Texas Civ. App., 625, 113 S. W. Rep., 615, in which cases the ruling was that, although the sale of intoxicating liquors was permitted by law in a

given territory, it was within the legislative power to designate localities therein in which such sales would be unlawful.

The contention in the motion to quash the indictment that the local option prohibition law was repealed by chapter 24 of the Acts of the Thirty-fifth Legislature, Fourth Called Session, known as the State-wide prohibition law, is without merit, for the reason that section 2 of that Act, wherein the Legislature sought by the passage of a law to prohibit the sale of intoxicating liquors throughout the State, was held invalid because, to give it effect, it would annul the local option prohibition laws and practically repeal the provision of the Constitution of the State which commits the prohibition of the sale of intoxicating liquors to the people of the counties and districts affected to be determined by their vote. See Ex parte Myer, 207 S. W. Rep., 100.

Finding no error presented by the record, the judgment of the District Court is affirmed.

*Affirmed.*