## LEROY W. FINCH & another *vs.* ALLEN B. MANSFIELD.

In an action to recover the price of certain goods, it appeared that the order for them was solicited from the defendant at his place of residence in Massachusetts by the plaintiffs' agent, who was a citizen of Connecticut, as were also his principals. On direct examination, the agent testified that he was employed by the plaintiffs as a "runner," his business being to solicit orders, and on cross-examination he testified that he was not their general agent to sell, but was so to receive money and compromise claims. He transmitted the order to the plaintiffs in Connecticut, who filled it there and forwarded the goods to the defendant in Massachusetts, who paid the freight, in pursuance of his understanding with the agent. The price of part of the goods was agreed upon between the agent and the defendant at the time of the order. Once previously the agent had in like manner solicited from the defendant and forwarded to the plaintiffs a like order, which was in like manner filled by them, and was paid by the defendant to the agent. *Held,* that the judge rightly refused to rule, on these facts, that the sale was made in Massachusetts, and submitted to the jury to determine the place of sale, with instructions that if the agent merely solicited from the defendant the order, and forwarded it to the plaintiffs in Connecticut, who thereupon filled it, and delivered the goods to a common carrier, directed to the defendant in Massachusetts, the sale was made in Connecticut. *Held,* further, that the fact that the agent was, at some indefinite time prior to the order, informed that there was a "Maine Law" in Massachusetts, does not raise any presumption of law that he knew at the time of the order that such "Maine Law" still existed.

CONTRACT on two promissory notes. Defence, that the consideration of each of the notes, in whole or in part, was the price of intoxicating liquors sold in violation of law. The plaintiffs were grocers at New Haven, Connecticut. The defendant was an innkeeper at South Deerfield, Massachusetts.

At the trial in the superior court, before *Wilkinson,* J., Francis D. Whiting testified that in June 1865 he was employed by the plaintiffs as a "runner," his business being to solicit orders; that about the middle of that month he came to the defendant's inn at South Deerfield, and solicited an order from the defendant, and sent it to his employers, which was filled by them, and was afterwards paid by the defendant to the witness; that in July 1865, and subsequently, he solicited and forwarded to his employers the order, the value of which is in controversy in this action; that the price of the liquors was agreed upon, but, he thought, the price of certain sugar also included in the order was not agreed upon; that he was the agent of the plaintiffs, and showed to the defendant their card, and asked him, " Do

you want anything in our line?" On cross-examination, he testified that he was not their general agent to sell, but was so to receive money and compromise claims. The orders given by the defendant were oral. The defendant paid the freight on the goods from New Haven to South Deerfield, in pursuance of an understanding, but not of any express agreement, had with Whiting at the time of giving the orders.

On this evidence the defendant asked the judge to rule "that under these admitted facts the sale of the liquors was made in South Deerfield." He refused so to rule, but instructed the jury that if Whiting merely solicited from the defendant an order for liquors, and forwarded it to the plaintiffs at New Haven, and thereupon the plaintiffs filled it, and delivered the goods to a common carrier, directed to the defendant at South Deerfield, according to the order, the sale was made in Connecticut.

Whiting, on cross examination, further testified that he had been informed, some time prior to June 1865, that there was a " Maine Law " in Massachusetts, but supposed it had been repealed or modified, as in Connecticut, where he lived. The witness drank at the defendant's bar several times previously to the transaction in controversy. The binding force of the witness's knowledge upon the plaintiffs was not called in question. The defendant thereupon asked the judge to rule that the plaintiffs' agent, having admitted that he had been informed that there was once a law in Massachusetts forbidding the sale of intoxicating liquors, was presumed to know that the law still existed, and acted at his peril in making sales of such liquors in this state. The judge refused so to rule, but instructed the jury that the fact that the witness once was informed of the existence here of a " Maine Law " was a fact to be considered by them as bearing on the question whether the liquors were intended for sale in this state contrary to law.

The jury returned a verdict for the plaintiffs ; and the defendant alleged exceptions.

*G. W. Bartlett*, for the defendant, on the point of the plaintiffs' knowledge of the Massachusetts law, cited 1 Greenl. Ev § 41 ; *Maryland Insurance Co.* v. *Woods*, 6 Cranch, 29.

*M. P. Knowlton,* for the plaintiffs, on the point of place of sale, cited *Orcutt* v. *Nelson,* 1 Gray, 536 ; *Webster* v. *Munger,* 8 Gray, 584.

HOAR, J.  If the consideration of the notes on which the plaintiffs sued was intoxicating liquors sold in this commonwealth in violation of law, or sold for the purpose, known to the seller, of being again sold therein contrary to law, the defence must prevail.

The first question is, whether the sale was made in Massachusetts or in Connecticut.  The plaintiffs, who were traders in Connecticut, might lawfully sell the liquors there, unless they knew that they were intended to be used in violation of the laws of Massachusetts.  If the plaintiffs' agent had no authority to sell for them, but only to receive and transmit orders to them at New Haven, for liquors to be sent by railroad to the defendant in Massachusetts, the plaintiffs completing the contract by delivering them on the railroad in Connecticut, and the defendant agreeing to pay the freight, it is very plain that this would not constitute a sale in Massachusetts.  The only agreement to sell, or act of sale, would be at New Haven.  The first existence of a contract would be when the plaintiffs, at New Haven, assented to the defendant's proposal, transmitted through the agent ; and the sale would be completed when the liquors were delivered at the railroad, directed to the defendant.  The test would be whether the defendant, by anything transacted between him and the agent in Massachusetts, acquired any right against the plaintiffs.  The agreement as to the price would not be decisive, unless the agent agreed, and had authority to agree, that the liquors should be supplied, so as to bind his principals.

The evidence upon this question was proper for the consideration of the jury, and was submitted to them with instructions entirely correct.  As it is reported, it does not directly prove a sale at Deerfield, or an offer on behalf of the plaintiffs to which the defendant assented there.  Whatever evidence there is of a sale is matter of inference and argument only, and not of undisputed fact.  It was therefore proper that the jury, and not the court should pass upon it.  *Merchant* v. *Chapman,* 2 Allen, 228

Upon the other question presented by the bill of exceptions, the ruling at the trial was equally correct. The presumption that a man knows at one time what he had previously known is a presumption of fact, and not of law. The plaintiffs, by themselves or their agent, must have been proved to know that the defendant intended the liquors for sale unlawfully in Massachusetts, in order to make the contract illegal, if it was made in Connecticut. That the agent had had some reason to know that the defendant could not lawfully sell them was not sufficient. It must be proved that he did know it. There is no presumption of law that he did; although the fact that he once knew it, and that the law continued the same, was strong evidence against him, and was submitted to the jury as evidence for their consideration.

The instruction asked by the defendant seemed to assume that the sale was made in Massachusetts. If that had been so, of course within the state all persons are required and presumed to know the criminal law, and act at their peril in violating it. But no such presumption affects persons out of the state; nor persons within the state who do nothing in it contrary to law.

*Exceptions overruled.*