SAMUEL T. SUIT & another *vs.* SAMUEL WOODHALL.
SAME *vs.* MARGARET BOLDUC.

When the agent of a foreign seller makes a contract of sale here, the order to be forwarded to his principal, subject to his principal's approval, the sale is made here if the goods are forwarded, the seller paying freight, to be delivered here.

If an agent negotiating a sale knows that the purchaser intends to use the purchased article in violation of law, such knowledge is notice to the principal.

ACTIONS OF CONTRACT to recover the price of whiskey sold. The two cases were tried together in the Superior Court, before *Brigham*, C. J. At the trial the plaintiffs called one Patton as a witness, who testified, among other things not now material, that he was in the service of the plaintiffs during the years 1870 and 1871, with authority from them to travel through the New England States and obtain orders for liquors; that he had authority from the plaintiffs to receive orders and agree upon the price of liquors ordered, the terms of payment and the freight, but that he had no authority to agree absolutely that the orders would be accepted or the liquors delivered; that the plaintiffs were to determine whether the liquors ordered should be sent to the parties giving the witness orders; that the witness sent the orders to the plaintiffs' place of business in Louisville, Kentucky, for the plaintiffs to accept or reject as they saw fit; that acting under such authority, he took the order of the defendants at Lawrence, Massachusetts, for the liquors described in the declarations; that he took the order of the defendant Woodhall, June 17, 1871, and the order of the defendant Bolduc, in February or March of the same year; that at the same times he agreed with the defendants upon the prices to be paid and upon the times of payment, pro-

vided the plaintiffs should accept the orders, and agreed that the plaintiffs should repay the defendants all sums of money which they should pay for the freight upon the liquors from Kentucky to Lawrence; and that the liquors were afterwards sent to the defendants upon the terms of sale thus agreed upon.

There was evidence tending to prove that the witness Patton knew, at the time he took the orders from the defendants, that there was a prohibitory liquor law then in force in this Commonwealth; that he knew the substance of it, and also knew that the defendants then entertained the purpose of selling the liquors, when received, within the Commonwealth, in violation of this law. There was evidence tending to prove that the defendants entertained such purpose at the time they gave the orders. The plaintiffs contended that the contract of sale was made in Kentucky; the defendants, that it was made in Massachusetts.

The defendants asked the court to give the following instructions:

"If the jury find that at the time of the sales the agent of the plaintiffs, who had negotiated the sales to the defendants for the plaintiffs, knew that the defendants entertained the purpose of selling the liquors in this Commonwealth in violation of our laws, then this was in law knowledge of the plaintiffs, and they are bound thereby, if the jury also find that such was in fact the purpose of the defendants:

"If the jury find that the agent, who negotiated the sales to the defendants for the plaintiffs, had at the time of the negotiations reasonable cause to believe that the defendants entertained the purpose to sell the liquors in this Commonwealth in violation of the law here, then the plaintiffs are bound thereby, and cannot recover, if the jury also find that such was in fact the purpose of the defendants.

"If the jury find that the plaintiffs were to deliver the liquors to the defendants at Lawrence, then the contracts of sale were made in Lawrence and subject to the laws of this Commonwealth."

"If the jury find that the plaintiffs were to pay the freight upon the liquors from Louisville to Lawrence, this is some evi-

dence tending to prove that the plaintiffs were to deliver the liquors at Lawrence to the defendant, under the contracts, and also some evidence tending to prove that the contracts were made in Lawrence."

The court refused to give either of these instructions, but upon the questions raised by the requests, instructed the jury as follows :

" If the plaintiffs, being sellers of intoxicating liquors in the State of Kentucky, employed an agent who obtained in Lawrence orders for such liquors from the defendants and sent the orders to plaintiffs, who accepted them, and thereupon delivered the liquors thus ordered to carriers in Kentucky, who transported them to defendants, the contracts of sale were made and the sales completed in Kentucky, notwithstanding defendants paid the cost of the transportation of the liquors thus ordered from Kentucky to Lawrence under agreements with the plaintiffs' agent that if such orders were accepted by the plaintiffs, when the liquors were paid for, the cost of such transportation should be deducted from the price.

" The burden of proof is upon the defendants to prove that the plaintiffs, when they completed the contracts of selling the intoxicating liquors ordered by the defendants, did so under circumstances which gave them reasonable cause to believe that the defendants intended to sell such liquors in Massachusetts, when received by them, in violation of the laws of Massachusetts, and that the defendants did in fact so intend to sell them. If the agent of the plaintiffs who obtained from the defendants the orders for such liquors, from circumstances attending the same, had at the time when he obtained such orders reasonable cause to believe that the defendants would sell the liquors ordered, when received by them in Massachusetts, in violation of the laws of Massachusetts, that fact would not affect the plaintiffs in their right to recover in this action, unless at the time of completing the sale they were notified by such agent, or otherwise, directly or by circumstances, of facts or circumstances relating to the defendants and their business and its relation to the laws of Massachusetts, which would induce any reason-

able man to believe that such was the intention of the defend ants."

The jury found for the plaintiffs in each action, and the de-fendants each filed exceptions.

*E. T. Burley*, for the defendant Woodhall.

*W. S. Knox*, for the defendant Bolduc.

*D. Saunders & C. G. Saunders*, for the plaintiffs.

MORTON, J.   The court instructed the jury that if the plaintiffs employed an agent who obtained in Lawrence orders for liquors from the defendants, and sent them to the plaintiffs, who accepted them, and thereupon delivered the liquors ordered to carriers in Kentucky, who transported them to the defendants, the contracts of sale were made and the sales completed in Kentucky, notwithstanding the defendants paid the cost of transportation to Lawrence under agreements with the agent that such cost should, in each case, be deducted from the price.   These were all the instructions given upon the question as to where the contracts of sale were to be performed.   We are of opinion that, under the circumstances of these cases, they were not sufficiently full.   They omit all consideration of the question whether by the contracts of sale the liquors were to be delivered to the defendants in Kentucky or in Lawrence.   This was a disputed question of fact which it was for the jury to determine.   There was evidence from which the jury might have found that the plaintiffs were to pay the freight to Lawrence, and the defendants asked the court to rule that if the plaintiffs were to deliver the liquors to the defendants at Lawrence, the sales were made in Lawrence.   This instruction should have been given.   The instructions given, taken in connection with the refusal to give that requested, might have led the jury to believe that the sales were completed by the delivery to the carrier in Kentucky, even though they should find that by the contract the liquors were to be delivered in Lawrence.   Delivery to the carrier was a delivery to the defendants, if there was no agreement to the contrary.   *Finch* v. *Mansfield*, 97 Mass. 89.   *Kline* v. *Baker*, 99 Mass. 253.   But if the parties agreed that the goods were to be delivered in Lawrence, it would not be a completed sale until the delivery, and the laws of this State would apply to it.

We are also of opinion that the ruling as to the effect of notice to the plaintiffs' agent that the purchasers intended to sell the liquors in violation of law was erroneous. As a general rule, notice to an agent, in the course of the transaction in which he is acting for his principal, of facts affecting the nature and character of the transaction, is constructive notice to the principal. It is his duty to communicate such facts to his principal, and the law presumes that he has done so. He stands in the place of the principal. His act is the act of the principal, who cannot accept it so far as it is advantageous and reject any infirmity which attaches to it. Notice to the agent of any facts which enter into and give character to the act affects the principal.

This question was carefully considered in the recent case of *The Distilled Spirits*, 11 Wall. 356. That was a proceeding for the forfeiture of spirits alleged to have been removed from a public warehouse in fraud of the revenue laws. It was held that if the claimant bought the liquors in good faith, they were not liable to forfeiture, but if he bought through an agent, and the agent had notice of the fraud at the time, his principal was bound by such notice.

In *Finch* v. *Mansfield*, above cited, in which the main facts were the same as in this case, it was assumed, though the point was not distinctly raised, that knowledge by the agent of the purpose of the purchaser to sell the liquors in violation of law, would affect the principal and make the sale, though it was completed in another state, illegal.

We think the principle applies to the cases at bar, and that, if the agent employed to negotiate the sales to the defendants knew or had reasonable cause to believe that the defendants intended to sell the liquors sold in violation of law, the plaintiffs were affected by such notice, and the sales were illegal.

*Exceptions sustained.*