# Garbracht *versus* The Commonwealth.

1. To constitute a sale of personal property, especially under a penal statute, there must be a transfer of the title for a certain consideration.

2. Delivery, either actual or constructive, is an essential ingredient in a sale of personal property. An agreement to sell is only executory until the contract is completed by delivery.

3. A travelling agent for a wholesale licensed liquor dealer, doing business in Erie, solicited and received orders for whiskey in Mercer county. The orders were transmitted to his employer in Erie, and by him the whiskey was shipped, by freight or express, consigned to the parties respectively, from whom the orders were obtained. The agent was indicted in Mercer county for selling liquor without a license and was tried, convicted and sentenced : *Held*, that he was improperly convicted, as Erie was the place of delivery, and in law the sales were made there and not in Mercer county.

4. The place of sale is the point at which goods ordered are set apart and delivered to the purchaser, or to a common carrier who, for the purposes of delivery, represents him.

5. The Act of April 12th 1875 does not prohibit an agent, who is a resident of the state, from soliciting or taking orders for liquors in counties other than that in which the dealer may be licensed.

6. Shriver *v.* Pittsburgh, 16 P. F. Smith 446, followed.

November 24th · 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

Error to the Court of Quarter Sessions of *Mercer county :* Of October and November Term 1880, No. 303.

Indictment of John Garbracht for selling liquor without a license.

H. V. Claus, a resident of the city of Erie, was a wholesale dealer in liquors and groceries, and duly licensed to keep a wholesale liquor store in said city. This license was granted by the Board of Licensers of the city of Erie under the Act of Assembly approved May 10th 1871, Pamph. L. 728, entitled "An Act regulating the mode of granting licenses to taverns, brewers and vendors of liquors with or without other goods in the city of Erie," and the supplements thereto. The defendant was the travelling agent of Claus, and was also a resident of Erie. As such agent he took orders for whiskey from the witnesses called on the part of the Commonwealth in quantities of one gallon and upward, forwarded the orders to his principal, Claus, by mail, who shipped the whiskey so ordered from his house at Erie to the witnesses by freight or express. Garbracht never delivered any liquor himself and never took an order for any quantity less than one gallon.

At the trial, before McDermitt, P. J., the defendant offered in evidence a certified copy of the license granted to H. V. Claus by the Board of Licensers of the city of Erie, dated April 5th 1880, authorizing the said Claus to keep a wholesale liquor store in the city of Erie for one year, which offer defendant proposed to follow

15 NORRIS—29

[Garbracht *v.* The Commonwealth.]

with evidence showing that the only traffic in liquors by the defend-
ant was as the agent of Claus; that no liquors were delivered by
the defendant himself, but that all orders taken by him were filled
by the said Claus.    The court rejected the offer.    (First assign-
ment of error.

The defendant submitted the following point which the court
refused: "If the evidence shows nothing more than that the
defendant took orders for liquors in Mercer county in quantities
not less than one gallon, which liquors were delivered, not by the
defendant, but by his principal, the verdict should be not guilty."

The refusal of this point constituted the second assignment of
error.

In the general charge the court, inter alia, said: "That if they
believe from the evidence beyond all reasonable doubt that the de-
fendant solicited orders from the witnesses who testified here
to-day, or from any of them, for the sale of liquors to him or to
them, and in pursuance of such orders so obtained he sent them,
or either of them, to Erie to the house for which he testifies he
was an agent, and if that house sent the liquor down to these men,
he is guilty."    (Third assignment.)

The jury found the defendant guilty, and he was sentenced to
pay a fine of $300 to the county of Mercer and undergo an
imprisonment of ninety days.    He then took this writ and alleged
that the court erred as set forth in the above assignments of error.

*Vincent* and *Edwin W. Jackson*, for plaintiff in error.—There
is nothing in the Act of April 12th 1875, Pamph. L. 40, nor in
any other Act of Assembly making it an indictable offence for any
one, principal or agent, to solicit orders for liquors in wholesale
quantities.    In fact the Act of 1875 must be construed as recog-
nising the legality of such a business.    There is nothing forbidding
the agent of a person resident within this Commonwealth from tak-
ing orders for the sale of liquors.    Unless specially prohibited, per-
sons doing business in Pennsylvania have a right under their local
license to take orders for goods elsewhere than in the county in
which is their usual place of business.    We insist that the court
below erred in refusing to admit the evidence offered by the defend-
ant mentioned in the first assignment of error.    The law merchant
will govern as to the locus of the sales and the sales in this case
were made in the city of Erie: 2 Parsons on Cont. 586, 5th ed.;
Finch *v.* Mansfield, 97 Mass. 89; 9 Am. Law Reg. 506; Shriver
et al. *v.* Pittsburgh, 16 P. F. Smith 446.

*Stranahan & Mehard*, for defendant in error.—We hold that a
license to sell liquors is a question of police regulation as well as
one of revenue.    Governing the one question the courts of and
laws for the different counties adopt rigid and severe restrictions

with reference to the granting of license, having in consideration the public welfare, and, as in Mercer county, refusing to grant license where, in their opinion, it will be detrimental to the public good. Relating to the other question of revenue, the license fee differs in many counties in the state. Upon the question of police regulations we contend that all sales of liquors in Mercer county should come under its legal restrictions and be subject to its legal penalties. If this view be not correct, the most rigid prohibitory laws for the county would be a dead letter, and liquor could be sold in any and every part of the county by travelling agents, no matter how unworthy or irresponsible, and the liquor shipped in by freight or express and the money therefor paid when the order is taken or to the agent after delivery. This is surely neither the spirit nor letter of our law. If the theory of the plaintiff in error is correct, it would work a serious loss or injury to the revenues of the state, as a license in one county would permit sales in every county, and the entire state would be flooded with agents peddling whiskey under the guise of soliciting orders, and one license would do for the entire state, instead of licenses in each county of the state.

Mr. Justice STERRETT delivered the opinion of the court, January 3d 1881.

The contention of the plaintiff in error is that the sales of intoxicating liquors, alleged to have been made without license in Mercer county and for which he was convicted and sentenced, were not made in that county, but in the city of Erie; and that, upon the uncontradicted testimony in the case, the jury could not have found otherwise if they had been properly instructed as to the legal effect of the evidence.

The plaintiff in error had no license, and the only fact which it was incumbent on the Commonwealth to prove was that he sold intoxicating liquors in the county of Mercer, as charged in the indictment. It was clearly shown that he obtained orders for whiskey, and in some instances collected bills for the same, in that county; but, this alone, without proof of delivery there, was insufficient to substantiate the charge of selling contrary to law within the jurisdiction of the proper court. To constitute a sale of personal property, especially under a penal statute, there must be a transfer of the title for a certain consideration. Orders for goods may be received, but until they are transferred or set apart to the purchaser the sale is incomplete. Delivery, either actual or constructive, is an essential ingredient in a sale of personal property. An agreement to sell is only executory until the contract is completed by delivery. When, as in the present case, the act of selling without license constitutes the offence, it must appear affirmatively not only that a sale, in the proper sense of the term, was actually made, but

[Garbracht *v.* The Commonwealth.]

it must be located within the proper county. Doubtless sales were effected through the agency of the plaintiff in error, but if they were not shown to have been made in Mercer county he was improperly convicted. The testimony, as to all the material facts, was not conflicting. The plaintiff in error was a travelling agent for H. V. Claus, a licensed wholesale liquor dealer, doing business in the city of Erie. The orders for whiskey which he solicited and received in Mercer county were transmitted to his employer, who filled them at his store in Erie, and shipped the whiskey, by freight or express, consigned to the parties respectively from whom the orders were obtained. It was put up in packages, addressed to the consignees in Mercer county, delivered to the carrier at Erie and transported thence, according to the usual course of business. There was no evidence that the plaintiff in error had any whiskey in his possession in Mercer county or that he personally delivered any there. It also appeared that he collected bills for some of the orders which he obtained. There was nothing in the testimony to justify the jury in finding that the facts were materially different from those above stated; and, assuming them to be true, we think the only legitimate conclusion is that Erie was the place of delivery, and in law the sales were made there and not in Mercer county. The place of sale is the point at which goods ordered or purchased are set apart and delivered to the purchaser, or to a common carrier, who for the purposes of delivery represents him. For example, a merchant in New York orders goods from a Boston house and they are consigned thence to him, either by a carrier of his own selection, or in the usual course of trade, the transaction is an executed Boston contract: 2 Pars. on Cont. 586. The same principle is recognised in Shriver & Co. *v.* Pittsburgh, 16 P. F. Smith 446; Finch *v.* Mansfield, 97 Mass. 89. In the former case, the city of Pittsburgh was authorized to impose a tax " upon all articles of trade and commerce sold in said city," and the question was whether certain goods were sold in the city. About one-sixth of the gross sales of Shriver & Co., wholesale grocers, were made directly at their store in the city without the intervention of outside agents. The other five-sixths were effected through agents employed for the purpose of procuring orders and making contracts of sale outside the city. These orders were transmitted to the firm, who filled them at their store in Pittsburgh, and consigned the goods to the purchasers by the most direct means of conveyance. Shriver & Co. contended that the sales, thus represented by the orders, were not made in the city, and hence they were not taxable on the amount so sold; but, it was held by this court that the goods thus ordered through their agents, put up at their store and shipped thence to their customers, were sold in the city, and that the amount should be included in their account sales returned for taxation.

In Finch *v.* Mansfield, *supra*, the consideration of the notes

[Garbracht *v*. The Commonwealth.]

sued on was the price of liquors ordered by the defendant in Massachusetts from the plaintiffs in Connecticut through an agent of the latter, and the cardinal question in the case was, in which state was the sale made. The jury were instructed that if the agent merely solicited from the defendant an order for liquors and forwarded it to the plaintiffs in New Haven, and thereupon they filled it and delivered the goods to a common carrier directed to the defendant at Deerfield, Massachusetts, according to the order, the sale was in Connecticut. This instruction was excepted to, but the Supreme Court of Massachusetts held that it was correct even under the stringent provisions of the "Maine law" then in force in that state. In delivering the opinion of the court, Mr. Justice Hoar says : "If the agent had authority merely to receive and transmit to his principals, at New Haven, orders for liquors to be sent by railroad to defendants in Massachusetts, the plaintiffs completing the contract by delivering them on the railroad in Connecticut, and defendant agreeing to pay the freight, it is very plain that this would not constitute a sale in Massachusetts. The only agreement to sell, or act of sale, would be at New Haven. The first existence of the contract would be when the plaintiffs, at New Haven, assented to defendant's proposal, transmitted through the agent, and the sale would be completed when the liquors were delivered at the railroad directed to the defendant."

The cases above cited appear to sustain the contention of the plaintiff in error, that under any reasonable view of the evidence the sales were made at Erie and not in Mercer county. If there had been evidence to show that he delivered any whiskey in the latter county or agreed to do so, and his agreement was carried out by his principal, a different case would be presented; but, under the evidence before us, there was nothing to justify a jury in so finding. It was no doubt competent for the legislature to have made it an indictable offence for licensed liquor dealers, in person or by agent, to solicit or take orders for liquors, or offer to sell the same in any other county than that in which they are licensed and have their place of business ; but if it had been so intended the phraseology of the law would have been different. The eighth section of the act does in substance so provide as to non-residents of the state. It declares that no hawker, peddler or travelling agent shall engage in selling for any person or persons who are non-residents of this Commonwealth, " or in vending, trading or contracting in any manner whatsoever in intoxicating liquors within the limits thereof." This stringent provision as to non-residents indicates that the legislature did not intend to prohibit agents of licensed residents of the state from taking orders for the sale of liquors outside the county in which their principals are located.

We think, therefore, that there was error in charging the jury, " that if they believe from the evidence, beyond all reasonable

[Garbracht *v.* The Commonwealth.]

doubt, that defendant solicited orders from the witnesses, or any of them, for the sale of liquors to him or them, and in pursuance of such orders so obtained, he sent them or either of them to Erie, to the house for which he testifies he was agent, and if that house sent the liquor down to these men, he is guilty." There was also error in refusing to affirm defendant's point; but, as has already been observed, if there was any evidence of delivery in Mercer county, by the plaintiff in error himself, or by his employer in pursuance of his agent's agreement so to do, the point was properly refused, for the reason that it does not exclude Mercer county as the place of delivery. The undisputed testimony, however, is that Erie was the place of delivery. We are also of opinion that as the case stood, the offer which forms the subject of the first assignment should have been received. The allegations of fact contained in this offer were, however, substantially proved by the witnesses.

> Judgment reversed, and record, with copy of this opinion setting forth the causes of refusal, remanded to the Court of Quarter Sessions of Mercer county, for further proceedings.