Fishel *v.* Bennett.

---

MARKS FISHEL AND OTHERS *vs.* ISRAEL BENNETT, JR.

Hartford Dist., Oct. T., 1887.  PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, JS.

The statute (Gen. Statutes, p. 272, sec. 12) provides that no action shall be maintained for intoxicating liquors sold in any other state or country, with intent to enable any person to violate any law of this state relating to the sale of liquors. A firm of liquor dealers in the city of New York sent an agent to this state to solicit orders for liquors, and to ascertain where liquors could legally be sold and where not. All orders were to be sent to the firm and were not to be filled unless approved by them. The agent obtained an order of *B*, a retail liquor dealer in the town of *K.*, in which town liquors could not be legally sold, who wanted them to sell in that town. The agent knew of his purpose and that liquors could not legally be sold in *K.* The order was sent to the plaintiffs and the liquors delivered by them. In a suit brought by them against *B* for the price of the liquors, it was held that they were chargeable with the knowledge of the agent, and could not recover.

[Argued October 5th—decided December 16th, 1887.]

Fishel *v.* Bennett.

ACTION to recover for liquors sold; brought to the Court of Common Pleas of Hartford County, and tried to the jury before *Calhoun, J.* Verdict for the defendant, and appeal by the plaintiffs for errors in the charge of the court. The case is fully stated in the opinion.

*C. E. Perkins*, with whom was *S. F. Jones*, for the appellants, cited—*Orcutt* v. *Nelson*, 1 Gray, 536; *Brockway* v. *Maloney*, 102 Mass., 308; *Larned* v. *Andrews*, 106, id., 435; *Jones* v. *Berry*, 33 N. Hamp., 209; *Niemeyer* v. *Wright*, 75 Virg., 239.

*L. E. Stanton*, with whom was *W. J. McConville*, for the appellee, cited—*Lewis* v. *McCabe*, 49 Conn., 141; *Weil* v. *Golden*, 141 Mass., 364, 368; *Hill* v. *Spear*, 50 N. Hamp., 253, 282; *Skiff* v. *Johnson*, 57 id., 475; *Banchor* v. *Mansel*, 47 Maine, 58; *Wilson* v. *Stratton*, id., 120, 126; *White* v. *Buss*, 3 Cush., 448; *Foster* v. *Thurston*, 11 id., 322; *Gaylord* v. *Soragen*, 32 Verm., 110; *Jones* v. *Surprise* (N. Hamp., not yet reported), 4 N. Eng. Reporter, 292.

BEARDSLEY, J. This is an action brought to recover the price of certain spirituous liquors sold to the defendant.

The defendant made the following answer to the complaint:

1. The defendant denies the truth of the matters alleged in the plaintiffs' complaint, except as hereinafter admitted.

2. The claim of the plaintiffs is for spirituous and intoxicating liquors illegally sold by the plaintiffs within this state, to wit, in the town of Killingly, by soliciting and procuring orders therein without lawful license and in violation of the law of this state.

3. The demand of the plaintiffs in this suit is for spirituous and intoxicating liquors illegally sold by the plaintiffs to the defendant, with intent on the part of the plaintiffs to enable the defendant to violate the law of this state relating to the sale of spirituous and intoxicating liquors by again selling the same in this state contrary to law, and the same

in fact were sold by the defendant in said Killingly in violation of the law of this state.

4. At the time when said liquors were sold by the plaintiffs to the defendant the town of Killingly was a "no license" town, and the sale of spirituous and intoxicating liquors therein was prohibited by law, as the plaintiffs then knew, and they sent the same into said town with intent to cause them to be therein again sold by the defendant in violation of. the law of this state.

The plaintiffs denied the allegations in the second, third and fourth paragraphs of the answer.

The statute with regard to the sale of intoxicating liquors (Gen. Statutes, p. 272, sec. 12) provides that "no action shall be maintained for intoxicating liquors sold in any other state or country contrary to its law or with intent to enable any person to violate any law of this state relating to the sale of intoxicating liquors."

.It was not disputed upon the trial that the liquors in question were sold and delivered by the plaintiffs, liquor dealers in. New York, to the defendant, a hotel keeper in Killingly in this state. The question as to where the delivery was in fact made was submitted to the jury under proper instructions from the court. .It was admitted that when the liquors were ordered and sold Killingly was a no-license town, but it was not claimed that it was known to be such by the plaintiffs, though it was admitted that they knew that there was a local option law in this state. The defendant testified that he brought the liquors for the purpose of selling them illegally in Killingly.

The order for the liquors in question was given by the defendant to one Thalinger, who it was admitted by the plaintiffs was their agent to solicit and take orders for liquors; such orders to be sent to them and filled only if approved by them.

Fishel, one of the plaintiffs, testified that Thalinger was also expressly authorized by the plaintiffs to inquire and ascertain at what places in this state liquors could be legally sold. The defendant claimed that he knew that Killingly

was a no-license town, and the purpose for which the defendant bought the liquors, and claimed that such knowledge would be imputed to the plaintiffs.

Upon this point the court charged the jury that if the plaintiffs, when selling these liquors to the defendant, had full knowledge that they would be sold in Connecticut in violation of law, and were purchased of them by the defendant for the purpose of violating the laws of the state, then the plaintiffs, when they sold these liquors, did so with the intent to enable the defendant to violate the laws of this state relating to intoxicating liquors, and could recover for none of the liquors so sold to the defendant; that in this case it did not appear that the plaintiffs, when they sold the liquors, had personal knowledge that they were purchased by the defendant to sell illegally within this state, and that the jury ought not to surmise that the plaintiffs, as keen business men, had such knowledge; that if Thalinger was their agent only to solicit orders, and not to effect sales, his knowledge of the defendant's intention to sell the liquors illegally would not be imputed to the plaintiffs; but if, according to Fishel's testimony, he was the plaintiffs' agent not only to solicit orders, but was also their agent to inquire and ascertain where liquors could be legally and illegally sold, then the knowledge of Thalinger would be imputed to the plaintiffs; and if Thalinger, when he took the orders, fully understood that the liquors so ordered by Bennett were purchased to sell in violation of the laws of this state, and if the jury should find that they were so purchased by Bennett, then the jury should consider Thalinger's knowledge as the knowledge of the plaintiffs, and the plaintiffs could recover for none of the liquors sold by them with intent to enable the defendant to violate the laws of this state, but that they could recover for any of the liquors which were sold in New York and not sold with such intent.

The jury rendered a verdict for the defendant and the plaintiffs have appealed. The question raised by their assignment of errors is as to the correctness of that part of the charge which relates to the effect upon the plaintiffs of

Thalinger's knowledge of the illegality of the sale, acquired as their agent.

We think that the plaintiffs have no reason to complain of this charge. If Thalinger had been the agent of the plaintiffs to sell, as well as to obtain orders and the knowledge referred to, and having such knowledge had sold liquors to the defendant in the state of New York, it will be admitted that the plaintiffs would have no right of action, for the sole reason that the agent's knowledge of the illegal purpose for which the sale was made would invalidate the contract. In the case supposed they would have no actual intent to enable the defendant to violate the laws of this state, but the law would conclusively presume that the agent had communicated his knowledge to them, and would hold them liable to its consequences. *The Distilled Spirits Case*, 11 Wall., 356; *Suit* v. *Woodhall*, 113 Mass., 391.

It can make no difference with the application of this principle that the authority stopped short of the final act of consummating the sale.

There is no error in the judgment appealed from, and a new trial is not granted.

In this opinion the other judges concurred.