UNITED STATES v. CHEVALLIER.

(Circuit Court, D. Oregon. May 12, 1900.)

No. 2,603.

INTERNAL REVENUE—TAX ON WHOLESALE LIQUOR DEALERS—PLACE OF MAKING SALES.

A wholesale and retail liquor dealer who pays special tax as such at his place of business cannot be subjected to the payment of a second tax in another district because he there maintains an office in his own name, in charge of an agent who is authorized to, and does, take orders for liquors, where such orders are forwarded to his principal for acceptance, and, if accepted, the liquors are shipped thereon by the principal direct to the purchaser; the agent having no authority to bind his principal by sales, and no liquors in his possession. In such case the sales are made at the place of business of the principal.

On Demurrer to Answer.

John H. Hall, U. S. Dist. Atty.
Ed. Mendenhall and John H. Mitchell, for defendant.

BELLINGER, District Judge. This is an action at law to recover the special tax claimed to be due to the United States from the defendant for selling, or offering to sell, in the city of Portland, in this district, domestic distilled spirits and wines, both as a wholesale and retail dealer.

Section 3244 of the Revised Statutes provides as follows:

"Wholesale liquor dealers shall pay one hundred dollars. Every person who sells or offers for sale foreign or domestic distilled spirits or wines in quantities of not less than five wine gallons at the same time, shall be regarded as a wholesale liquor dealer. Retail dealers in malt liquors shall pay twenty dollars. Every person who sells or offers for sale malt liquors in quantities of five gallons or less at one time, but who does not deal in spirituous liquors, shall be regarded as a retail dealer of malt liquors."

The question for decision arises upon the demurrer to the further and separate answer of the defendant, by which it is alleged that the defendant, under the name of Chevallier & Co., was, during the whole of the time covered by the complaint, doing business as a wholesale and retail liquor dealer in the city of San Francisco, Cal., and during all of said period there paid regularly the wholesale and retail special tax provided by law, and that during the whole of said period he has not sold, or offered to sell, any wines or liquors at any other place than within said district of California. He admits that during the period covered by the complaint, for the purpose of extending his business by securing orders from customers in the states of Oregon, Washington, Idaho, and Montana, for the sale by him of wines and

liquors in the city of San Francisco, he did during the several periods mentioned in the complaint have a manager and agent authorized to travel over said states from time to time, and solicit conditional orders for the sale in San Francisco of wines and liquors; that this agent's name is W. H. Fisk, who resided during the period aforesaid in the city of Portland, state of Oregon, and who has during such period had an office on the second floor of the building No. 242 Washington street, Portland, Or., over the door of which is painted a sign, "F. Chevallier & Co., W. H. Fisk, Manager," and that at this office, when said manager and agent was in the city of Portland, which was only part of each of the periods mentioned in the complaint, and at other points in the states of Oregon, Washington, Idaho, and Montana, when traveling as the commercial agent of the defendant, as was his custom and his duty as such agent, and which he did do under his agreement with the defendant, for the purpose of soliciting conditional orders for the sale by defendant in San Francisco of wines and liquors at defendant's wholesale and retail liquor house in the city of San Francisco, the said defendant's agent and manager, W. H. Fisk, received from time to time conditional orders for the purchase in San Francisco of wines and liquors from defendant, at defendant's house aforesaid, in the city of San Francisco, district of California, which conditional orders said agent and manager, W. H. Fisk, had no authority to, and never did during any of the period aforesaid, accept or fill in the city of Portland or elsewhere, but the same were from time to time, during the period aforesaid, by him, defendant's manager and agent, under instructions from defendant, forwarded from time to time to the defendant in San Francisco, district of California aforesaid, for defendant's consideration there, and for his approval or rejection there; that all such conditional orders were subject to such approval or rejection by defendant at his place of business in the city of San Francisco; that said W. H. Fisk had no power or authority from the defendant whatever, at any time, to make any sale of, or to offer for sale, any wines or liquors of any kind or character whatever, either at wholesale or retail, in the city of Portland, Or., or any other place in the district of Oregon. It is further averred that, when the defendant accepted the orders forwarded by Fisk, the goods were shipped by the defendant from San Francisco direct to the purchaser; that there were never any wines or liquors kept in this district for sale, or offered for sale. It is admitted that Fisk received commissions on the amount of sales made as aforesaid, and that the defendant forwarded to Fisk the necessary money to meet his traveling and other expenses. The answer further admits that for the purpose of a record in Portland, Or., for the convenience of said agent and the defendant, said agent was allowed to and did keep an account of all moneys so received and disbursed, and also a duplicate copy of the records of such sales made by the defendant in San Francisco, and to aid in such purpose the defendant during said periods mentioned in the complaint, or most of them, employed a clerk to aid said manager and agent at his office in Portland, Or.

These facts do not constitute the defendant a dealer or merchant in this district, within the meaning of the statute. The fact that the

sign, "F. Chevallier & Co., W. H. Fisk, Manager," was painted over the door of the office occupied by Fisk in this city, is unimportant. The character of the business transacted is determined by the authority that the agent exercised in this district, and by what was done in pursuance of that authority. The defendant did not keep goods at the place in question, nor were sales made here. The so-called "manager" merely took orders, which were sent to San Francisco to be filled. These orders were subject to the approval of the defendant at San Francisco. The goods were not shipped to Fisk here, and were never in his hands. He neither bought them nor sold them. He had no authority to bind the defendant by any order he sent him. It was open to the defendant to refuse to fill the orders so sent. And when these orders were filled, and the goods forwarded, they were forwarded to the purchasers, not to Fisk, into whose possession they never came. These facts constitute a sale at San Francisco, upon the receipt and acceptance of the order there, and the shipment of the goods from that point. As stated in Quinn v. Dimond, 19 C. C. A. 336, 72 Fed. 993, it is unimportant that the agent's profit was received in the form of a percentage or commission upon the goods sold. The demurrer is overruled.