THE J. & J. EAGER COMPANY *vs.* CATHERINE F. BURKE, ADMINISTRATRIX.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A sale of liquors, made by soliciting in this State an order therefor, which is then transmitted to New York for approval, and the liquor delivered there to a carrier, is a sale in New York.

Sections 3078 and 3087 of the General Statutes, which prohibit the sale of liquors without a license, "by sample, by soliciting and procuring orders, or otherwise," do not apply to such a sale, so as to render it illegal as between the vendor and the vendee, though neither the vendor nor his solicitor had a license in this State.

The case of *State* v. *Ascher*, 54 Conn. 299, which holds the solicitor of the order to be criminally liable under similar circumstances, should not be extended beyond the precise point necessarily involved.

Nor is such sale affected by § 3114 of the General Statutes, which provides that "no action shall be maintained for the price of any intoxicating liquors sold anywhere with the intent to enable any person to violate any law of this State relating to the sale of intoxicating liquors," where it does not appear that the vendee was selling liquors in violation of law, nor that the vendor had any knowledge that the solicitor had no license in this State, and the solicitor is wholly independent of the vendee's direction and control, and is paid only by a commission on his approved orders.

A merchant of another State, who sells goods there to residents of this State, is not bound to ascertain whether his purchaser has complied with the local license law.

Argued January 22d—decided March 5th, 1902.

ACTION to recover for whiskey sold and delivered to the defendant's intestate, brought to the Court of Common

Pleas in New Haven County and tried to the court, *Hubbard, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The complaint and bill of particulars allege a sale by the plaintiff, in the State of New York, of two barrels of whiskey, to the defendant's intestate, one James P. Burke.

The anwers denies any sale in New York, and alleges by way of special defense, (1) that the whiskey mentioned in the bill of particulars was sold by soliciting and procuring orders therefor without a license; (2) that said whiskey was sold and delivered to defendant in said Meriden, with intent on the part of plaintiff and defendant to enable the plaintiff to violate the laws of this State relative to the sale of intoxicating liquors, without a license therefor. The plaintiff denied the allegations of this special defense.

The issues thus framed were found in favor of the plaintiff, and judgment rendered accordingly.

It appears from the finding that the sale was made in the manner and under the circumstances following. One F. M. Lum procured from Burke, a liquor dealer in Meriden, at his place of business, orders for the whiskey to be shipped to him by the plaintiff. Lum wrote the plaintiff from Meriden, requesting it to ship the liquors to Burke. The orders having been approved by the plaintiff's officers, the plaintiff selected from its stock the barrels of whiskey for Burke, marked and addressed them to him at Meriden, and delivered them to a common carrier in New York. The carrier delivered the whiskey to Burke in Meriden, who paid the freight and cartage from New York city. Subsequently the plaintiff rendered Burke a bill for the goods sold, and Burke returned to plaintiff the empty barrels, the value of which was credited on its account against Burke. Said Lum was a resident of Orange in this State and was employed by different firms as resident agent for procuring orders for whiskeys and other lines of goods. At the time of the sales in question he was employed by the plaintiff as agent to procure orders for its goods upon these terms, viz : to obtain and transmit to the

plaintiff, at its office in New York, orders for its approval or disapproval. If approved, the orders were filled in New York and delivered to a carrier there for the purchaser. Lum was paid for his services by a commission upon the prices of such goods as the plaintiff might sell upon approved orders obtained by him. Lum paid all expenses connected with procuring orders, and was not under plaintiff's direction or control, but wholly independent of it.

The plaintiff was duly licensed to sell liquors in New York but not in Connecticut. Lum was not licensed to sell liquors. It did not appear that liquors sold to Burke were resold by him or by any other person contrary to law. It did not appear that the plaintiff had any knowledge that Lum had no license to sell liquors.

Section 3078 of the General Statutes forbids any person to sell intoxicating liquors within this State, whether by sample or by soliciting or procuring orders, or otherwise, without taking out a license to sell liquors. Section 3087 punishes whoever "without a license therefor shall, by sample, by soliciting or procuring orders, or otherwise" sell any intoxicating liquors. Section 3114 provides that "no action . . . shall be maintained for the price of any . . . intoxicating liquors sold anywhere with the intent to enable any person to violate any law of this State relating to the sale of . . . intoxicating liquors."

The trial court held that, upon the facts above stated, the sale was made in New York and not in Connecticut; that the sale was valid, and was not made with intent to violate the laws of this State.

The appeal claims that the court erred in thus holding, assigning in various forms the specific errors claimed.

*Cornelius J. Danaher*, for the appellant (defendant).

*Seymour C. Loomis*, for the appellee (plaintiff).

HAMERSLEY, J.  The sale took place in New York. Section 3087 of the General Statutes does not attempt to change

the law of contract in respect to sales of this character. In *State* v. *Ascher*, 54 Conn. 299, it was held that the language of this section should be construed as punishing any person not having a license to sell liquor, who, within this State, should procure orders for a sale of liquors, if the liquors so ordered were subsequently sold and came into the possession of the person ordering them, although the actual sale and delivery might take place in another State. The decision does not hold that the person making a sale in another State sells the goods in this State by procuring orders, or otherwise, in violation of our law, and its effect should not be extended beyond the precise point necessarily involved. *New York Breweries Corp.* v. *Baker*, 68 Conn. 337, 341.

The sale having been made in New York and being valid by the law of that State, it is valid in this State, and the plaintiff is entitled to maintain this action, unless the sale was made with an intent to enable some one to violate the laws of this State relative to the sale of intoxicating liquors. *Fishel* v. *Bennett*, 56 Conn. 40; *Orcutt* v. *Nelson*, 1 Gray, 536; *Sachs & Sons* v. *Garner*, 111 Iowa, 424; *Abberger* v. *Marrim*, 102 Mass. 70.

In this case the court does not find that such illegal intent existed, and it cannot be inferred from the facts found. If Burke had been an unlicensed person and Lum had known this fact, possibly such knowledge by Lum might be imputed to the plaintiff and furnish ground for holding that the sale was made to enable Burke to violate our laws. *Fishel* v. *Bennett*, 56 Conn. 40. The finding, however, negatives such facts. It is claimed that, inasmuch as Lum committed an offense in procuring orders for the liquor without having a license to sell, the plaintiff, knowing that Lum had no license, in some way promoted or was a party to Lum's offense, and therefore cannot maintain this action. But it did not appear that the plaintiff knew that Lum was unlicensed. The offense of Lum was personal; the plaintiff was under no obligation to procure him a license, or to ascertain whether he had one or not.

A foreign merchant selling goods to residents of this State

is not bound to ascertain whether his purchaser has legally complied with the local license law; nor is he bound, when employing a resident of this State to procure orders for the sale of his goods, under the circumstances detailed in the finding, to ascertain whether the person so employed has qualified himself to transact such business. There is nothing in the finding that supports the claim that the plaintiff sold its goods within this State; or sold them with any intent to violate the law of this State, or participated in any offense under the laws of this State. The plaintiff sues for the amount due on an executed sale and delivery made in New York, and is not obliged to trace its course of action through an illegal contract entered into by its agent within the scope of his authority, as was claimed by the defendant.

The conclusion we have reached renders it unnecessary to consider whether or not the provisions of §§ 3078 and 3087, relative to sales by sample or procuring orders, can be regarded as a regulation of interstate commerce within the principle discussed in *Stoutenburg* v. *Hennick*, 129 U. S. 141.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.