## TERRITORY OF HAWAII *v.* MANUEL REIS.

### EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED DECEMBER 1, 1913.            DECIDED DECEMBER 13, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

SALES—*delivery to carrier—general rule—title passes.*
> The general rule is, that where goods are delivered by the vendor in pursuance of an order to a common carrier for delivery to the purchaser, the delivery to the carrier passes the title, as the carrier is the agent of the purchaser to receive the goods, and the delivery to the carrier is equivalent to a delivery to the purchaser.

INTOXICATING LIQUORS—*delivery by agent of vendees.*
> M. R. was employed by R. & Co., wholesale liquor dealers in Honolulu, to solicit orders for liquor in the county of Kauai.

Territory v. Reis, 21 Haw. 772.

The liquor was delivered by R. & Co. to a common carrier in Honolulu for shipment to the purchasers pursuant to their orders. M. R., while so employed by R. & Co., at the request and expense of the purchasers, received the liquor at the wharf on Kauai and attended to the delivery of it to the purchasers at their homes and places of business. He did not in thus receiving and attending to the delivery of the liquor violate any of the provisions of Act 119, Laws of 1907, as amended by Act 70, Laws of 1913.

OPINION OF THE COURT BY DE BOLT, J.

At the July term, 1913, of the circuit court of the fifth circuit, trial by jury being waived, the defendant, Manuel Reis, was convicted and sentenced to pay a fine of one hundred dollars on a charge that he did, on May 23, 1913, at Lihue, county of Kauai, "unlawfully distribute for sale certain intoxicating liquors * * * , he not having a license so to do, in and upon a conveyance then and there being driven along a highway * * * ."

There being no objection to the form of the charge we will assume that the charge is sufficient under Act 119, Laws of 1907, as amended by Act 70, Laws of 1913.

The defendant excepted to the conviction as being contrary to the law and the evidence. The case is now before us on this exception.

The trial court in its decision made the following findings: "The defendant, Manuel Reis, was an employee of Rosa & Co., a partnership doing business in Honolulu as wholesale liquor dealers under a license issued by the Board of License Commissioners of the City and County of Honolulu. As employee his duties were to solicit orders for intoxicating liquor on the Island of Kauai, to transmit these orders, which were written on order blanks furnished him by his employers, to them and to collect bills on Kauai. His instructions from his employers contained nothing on the subject of delivery and he had no authority to definitely accept orders. He kept no stock of liquors. In the regular course of business the final acceptance or rejection

of an order was in Honolulu at the licensed place of business; there the order was entered up, a charge made against the purchaser for the liquor, the order filled and delivery made to the Inter-Island Steam Navigation Co., Ltd., of the ordered liquor, addressed to the purchasers. At times, however, persons objected to this form of delivery on the ground that it was inconvenient for them to go to the wharf in Kauai and asked defendant when he solicited their orders, if he would receive the liquor at the wharf and have it delivered to them. He agreed to this as an accommodation. He was never paid for such services by either Rosa & Co. or the purchasers. This case arises out of such occurrences. In transmitting certain orders to Rosa & Co. defendant told of the requests and his acquiescence and asked that the shipping receipts be sent to him and not to the purchasers. When the orders were filled in Honolulu, the liquor was delivered as usual to the common carrier, consigned to the purchasers, but the shipping receipts were not mailed to the purchasers but to the defendant with the bills. The defendant went to the wharf at Nawiliwili and received a barrel of beer consigned to a Japanese storekeeper of Nawiliwili and delivered it. (Some days later he collected the bill for this liquor and also the cost of the delivery from the wharf.) After delivering this beer he returned to the wharf and received another barrel of beer and seventeen casks of wine addressed to various persons and was in charge of this liquor on an express wagon about to deliver it when arrested. * * * It does not appear from the evidence that the consignees were informed by any one of the shipping of the liquor, or its arrival at Nawiliwili. The defendant stated in court that the liquor did not belong to the purchasers as it had not been delivered and that because the sale had not been completed he had not presented the bills. He has looked to Rosa & Co. to provide him with counsel, has refused to hire counsel himself and has not looked for help to the purchasers who requested him to make the delivery that has resulted in his arrest. The purchasers have not appeared and

claimed the liquor as would be natural and appropriate if they considered themselves to be the owners. Undoubtedly Rosa & Co. have intended to keep within the law. Soliciting orders is not part of a sale (Act 70 Laws of 1913), and the careful limiting of their agent's-authority, the fact that the orders were sent to Honolulu, that it was decided there whether orders should be accepted or not, the keeping of all accounts in Honolulu and the practice of consigning shipments to the buyers and not to the agent, all show that it was planned to make sales only at the licensed premises in Honolulu. But the buyers dealt not with Rosa & Co. in Honolulu but with the defendant on Kauai. They made no request to Rosa & Co. to send shipping receipts to Reis. They did not send their orders to Rosa & Co. (though they were addressed to Rosa & Co. and on the printed forms furnished by Rosa & Co. to their agent) but handed their orders directly to Reis. Rosa & Co. sent them no bills or notice that the orders were accepted and filled, but sent bills to Reis with the shipping receipts. When the buyers objected to the proposed delivery in Honolulu and requested delivery at their homes or places of business on Kauai and the person to whom they gave their orders and to whom they expected to make payment, agreed to so deliver the liquor, I believe that the buyers considered this a part of their contract of sale. They paid nothing to Reis for his trouble and there was no reason why he should have done the favor except to facilitate a sale. When Rosa & Co. after consigning the liquors to the various purchasers sent the shipping receipts, not to the consignee but to defendant with the bills they retained control of the shipments. It became impossible for the purchasers to get the liquor purchased until the seller's agent delivered it. * * * In this case I find that the vendor retains their right over the goods and the title did not pass to the buyer in Honolulu upon delivery to the carrier. An acceptance of an offer made secretly in the bosom of a seller is not binding upon him. What was done on the books of Rosa & Co. and not reported to the consignees does not bind Rosa & Co. and the mere labeling of the goods when shipped in Hono-

lulu I do not consider as a transfer of title when the shipping receipts and bills were sent to their agent Reis and no announcement of any kind was sent direct to the consignees. If Rosa & Co. had sent the shipping receipts direct to the consignees and left them to get Reis or any one else to bring the liquors from the wharf then Rosa & Co. would have lost control over them but as it is I find that title has not yet passed and I find the defendant guilty as charged."

The contention of the prosecution is, that Rosa & Co. retained possession of and control over the liquor until actual delivery to the purchasers, and that title did not pass until such delivery.

The defendant contends that the sale of the liquor was made in Honolulu, for the reasons, (1) that he had no power or authority to make a sale or offer for sale any liquor, (2) that all orders were subject to the acceptance or rejection of Rosa & Co., (3) that title passed upon segregation of the liquor from the common stock and delivery to the common carrier. And that no reservation of title was made by Rosa & Co., for the reasons, (1) that the liquor was consigned to the purchasers and delivered to the common carrier, (2) that the liquor was sold on credit, (3) that the orders were not C. O. D. orders, and (4) that the shipping receipts were sent to the defendant as the agent of the purchasers.

There is no evidence in the record tending to prove any of the following findings made by the trial court: That "the defendant stated in court that the liquor did not belong to the purchasers as it had not been delivered and that because the sale had not been completed he had not presented the bills;" that "he has looked to Rosa & Co. to provide him with counsel;" that he "has refused to hire counsel himself;" that he "has not looked for help to the purchasers who requested him to make the delivery that has resulted in his arrest;" and that "the purchasers have not appeared and claimed the liquor as would be natural and appropriate if they considered themselves to be the owners."

Even though "the defendant stated in court that the liquor did not belong to the purchasers * * *," the statement was a mere conclusion.

As to the findings regarding the employment of counsel by the defendant and the failure of the purchasers to appear and claim the liquor, assuming these facts to be as found by the trial court, there is nothing in any of them tending to criminate the defendant. He had the right to employ counsel or not as he saw fit. Neither should the failure of the purchasers to appear and claim the liquor be taken as evidence against him. The motives with which the purchasers were actuated in no way concerned or involved the defendant. One charged with a criminal offense is only required to answer for his own acts, and not for the acts of others, or their failure to act.

It is true that "the buyers dealt not with Rosa & Co. in Honolulu, but with the defendant on Kauai," but they dealt with him as the duly authorized agent of Rosa & Co. in his capacity as solicitor of orders for liquor, and their contract for the purchase of the liquor was with Rosa & Co. and not with the defendant. When the purchasers "handed their orders to Reis," addressed as they were to Rosa & Co., they thereby sent "their orders to Rosa & Co." for the purchase and shipment of the liquor to them. And upon requesting the defendant to go to the wharf and receive the liquor for them and deliver it "at their homes or places of business on Kauai," they thereby constituted him their agent and impliedly authorized him to take all necessary and proper steps in the premises to obtain possession of the liquor, which, obviously, justified having the shipping receipts sent direct to him by Rosa & Co. It is clear, we think, that the defendant in making delivery of the liquor pursuant to this arrangement acted as the agent of the purchasers and not as the agent of Rosa & Co. The evidence did not warrant a finding to the contrary. The defendant in performing the services thus requested of him occupied a position in no way different from that of any other person whom the purchasers might have employed to perform the same work.

The fact that the bills for the liquor were sent to the defendant is of no importance. This, doubtless was done as a mere matter of convenience. So long as the shipping receipts were to be sent to the defendant, why not send the bills to him also? The liquor, as the record clearly shows, was sold on credit and delivered to the common carrier in Honolulu for shipment to the purchasers on Kauai pursuant to their orders. Of course, there can be no question but that a sale may be as complete and title pass as fully, in consideration of a promise to pay, as by actual payment, if delivery is made, or other acts performed, sufficient to pass title. The general rule is, that where goods are delivered by the vendor in pursuance of an order to a common carrier for delivery to the purchaser, the delivery to the carrier passes the title, as the carrier is the agent of the purchaser to receive the goods, and the delivery to the carrier is equivalent to a delivery to the purchaser. Benjamin on Sales, 146, 633; 35 Cyc. 193; Newmark, Law of Sales, §§146, 226; *Abberger* v. *Marrin,* 102 Mass. 70. The facts disclosed by the record bring the case at bar clearly within this rule.

There is nothing in the record tending to show that payment was a condition precedent to actual delivery of the liquor, or that Rosa & Co., in addition to their common law right of stoppage *in transitu,* sought through the defendant, or otherwise, to retain control or dominion over the liquor after delivery to the common carrier, or that the purchasers "considered," or had any right to consider, the actual delivery of the liquor to them at their homes or places of business on Kauai as "a part of their contract with Rosa & Co." The record is clear that the only duties required of the defendant by Rosa & Co. were to solicit orders for liquor and to make collections. He had no power to bind them. They reserved the right to reject or accept any order. Thus, upon the acceptance of an order and delivery of the liquor to the common carrier in Honolulu for shipment to the purchasers on Kauai, the title, in the absence of any evidence of a contrary intention, passed from the vendors to the vendees,

and the contract of sale was then complete. Rosa & Co. had nothing to do with the actual delivery of the liquor on Kauai. *U. S.* v. *Chevallier,* 102 Fed. 125; *De Bary* v. *Souer,* 101 Fed. 425; *Garbracht* v. *Com.,* 96 Pa. 449, 452; *Diversy* v. *Kellogg,* 92 Am. Dec. (44 Ill. 114) 154; *Tegler* v. *Shipman,* 11 Am. Rep. (33 Ia. 194) 118; *Kehrer* v. *Stewart,* 197 U. S. 60, 64; *Com.* v. *Farnum,* 114 Mass. 267, 270; Benjamin on Sales, Bennett's notes, 312.

While Rosa & Co. did not undertake the actual delivery of the liquor to the purchasers on Kauai, we do not wish to be understood as holding that they could not have lawfully made such delivery. That question, however, is not involved in this case. *Sarbecker* v. *State,* 65 Wis. 171; *Com.* v. *Ober,* 12 Cush. (Mass.) 493; *Com.* v *Hess,* 17 L. R. A. (Pa.) 176.

The prosecution relies upon *Republic* v. *Hime,* 11 Haw. 18. In that case Hime was convicted of the offense of selling spirituous liquor without a license at Lahaina, where he was storekeeper for H. Hackfeld & Co., of Honolulu. He sent to Honolulu for a tub of sake for one Shimbo. Upon arrival of the sake Hime delivered the shipping receipt to Shimbo and received from him at the same time the price of the sake. Shimbo dealt solely with Hime and did not know Hackfeld & Co. in the transaction. He did not know where the liquor was to be obtained. The sale and delivery of the sake was, therefore, made in Lahaina, not in Honolulu; while the sale and delivery of the liquor in the case at bar was made in Honolulu and not on Kauai.

There being no evidence tending to show the alleged guilt of the defendant, the exception to the conviction is sustained, the conviction and judgment are set aside, and the cause remanded to the circuit court with instructions to discharge the defendant.

*W. W. Thayer, Attorney General,* and *L. P. Scott, Deputy Attorney General,* for the Territory.

*E. C. Peters* for defendant.